[Civ. No. 4170. Fourth Dist. Feb. 14, 1952.]

ALFRED W. MANTONYA, Respondent, v. JOHN LOUIS BRATLIE et al., Appellants.

Wallace P. Rouse for Appellants.

Shaw & Roberts for Respondent.

BARNARD, P. J.—This is an action for damages based on the theory that plaintiff's injuries were caused by the defective condition of a caterpillar tractor, and that the defendants had failed to use due care in keeping the tractor in repair. The answer alleged that plaintiff's injuries were caused solely by his own negligence and also that he was guilty of contributory negligence, which was the proximate cause of his injuries.

The plaintiff was employed on a ranch owned by the defendants, and was required to use this tractor in his work. The main defect in the tractor was that, while it would make a sharp turn to the right, it would require a radius of 10 feet or more in making a turn to the left. There was also evidence that the gear shift lever would lock at times so that the driver could not stop when he wanted to. These defective conditions were known to both parties. On the occasion in question, the plaintiff attempted to drive the tractor down a steep road or trail into a wash. In doing so, he made a right turn onto a steep descent about 25 or 30 feet long and to a bench where it was necessary to make a left

turn to follow the bench to the bottom of the wash. He was unable to make this left turn or to stop, and the tractor toppled over the caving edge of the bench, dropping down some 12 or 14 feet, and caught the plaintiff's leg, causing the injuries complained of.

On a prior appeal (*Mantonya* v. *Bratlie,* 33 Cal.2d 120 [199 P.2d 677]) a judgment for the plaintiff was reversed because the jury had been instructed in accordance with the provisions of the Workmen's Compensation Act (Lab. Code, div. IV) including those of section 3708, and because the question of whether any liability was under division III or under division IV had been improperly submitted to the jury as a question of fact. In practical effect, the instructions as given had deprived the defendants of the defense of contributory negligence. The court there pointed out that the evidence was in sharp conflict, both as to negligence and as to contributory negligence, and held that "defendants' liability, if any, is not under the Workmen's Compensation Act (div. IV) but under division III of the Labor Code."

The action was retried on the theory that defendants' liability, if any, was under division III of the Labor Code and that they had failed to use due care in keeping the tractor in repair. During the trial, the complaint was amended by alleging that the defendants had not accepted or in any manner become subject to the compensation provisions of division IV of the Labor Code, and that at all times in question the parties to the action were not subject to these compensation provisions and plaintiff's employment was excluded therefrom. A jury returned a verdict in favor of the plaintiff, a motion for a new trial was denied, and the defendants have appealed from the judgment.

██ It is first contended that the evidence is not sufficient to support the verdict and judgment. The evidence here, as at the former trial, was conflicting with respect to negligence on the part of the defendants and also contributory negligence on the part of the plaintiff. There was some evidence that the plaintiff was drunk at the time of the accident. The accident happened on Sunday and the plaintiff testified that he drove the tractor down into the wash for the purpose of obtaining sand needed in repairing some irrigation pipes. From the evidence as a whole, it appears extremely doubtful that he went into the wash for this purpose, or for any other purpose in connection with his work. The plaintiff had been hired because he had represented himself to

be a mechanic and he had agreed in writing "to keep all equipment in repair and in good condition." It conclusively appears that the defective conditions of the tractor were well known to him, and his own testimony would amply justify a factual finding that he was extremely negligent in attempting to drive this tractor down this steep embankment knowing that it could not make the required left turn on the narrow bench, and that he might not even be able to stop. The trial court could well have granted a new trial on the ground of the insufficiency of the evidence, but different rules prevail here. While it cannot be held, as a matter of law, that the evidence is insufficient to support the judgment the nature of the evidence is such as to emphasize the importance of correct and fair instructions to guide the jury in passing upon the questions of negligence, and the amount thereof, on the part of the respective parties.

It is next contended that the court erred in requiring the defendant Bratlie, over objections, to answer plaintiff's questions as to whether or not he had taken out workmen's compensation insurance against liability, and whether or not he had ever given notice to the Industrial Accident Commission that he had elected to come within the compensation provisions of the Labor Code. It is argued that this testimony was inadmissible and that it was highly prejudicial to the defendants, as shown by the fact that the plaintiff later argued to the jury "that defendants could have protected themselves if they had wanted to." The plaintiff argues that since it was necessary for him to show that the compensation provisions of division IV of the Labor Code had not been accepted by the defendants, and since one manner of electing to come within those provisions is by taking out compensation insurance, "it was perfectly proper to inquire if such insurance had been procured by defendants." The Supreme Court had held on the prior appeal that the defendants' liability, if any, was not under division IV of the Labor Code, but under division III of that code. This was accepted and the case was being· retried on that theory, and during the trial the complaint was amended accordingly. The facts were well known to all the parties, it was not necessary to make any showing in this regard, and this evidence should not have been admitted. Its prejudicial effect may have been considerable.

The final contention is that the court committed reversible error in giving and refusing certain instructions. A number

of such assignments of error are made which need not be separately considered. So far as material here, the court gave the following instructions:

"No. 13. You are instructed that contributory negligence is negligence on the part of a person injured which cooperating in some degree with the negligence of another, helps in proximately causing the injury of which the former thereafter complains.

"No. 14. You are instructed that Section 2800 of the Labor Code of the State of California provides as follows: 'An employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care.'

"You are instructed that Section 2801 of the Labor Code of the State of California provides in part as follows: 'In any action to recover damages for personal injury sustained within this State by an employee while engaged in the line of his duty or in the course of his employment as such, in which recovery is sought upon the ground of want of ordinary or reasonable care of the employer, or of any officer, agent or servant of the employer, the fact that such employee has been guilty of contributory negligence shall not bar a recovery therein when his contributory negligence was slight and that of his employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee.

" 'It shall be conclusively presumed that such employee was not guilty of contributory negligence in any case where the violation of any law enacted for the safety of employees contributed to such employee's injury.

" 'It shall not be a defense that:

" '(a) The employee either expressly or impliedly assumed the risk of the hazard complained of.

" 'No contract, or regulation, shall except the employer from any provisions of this section.'

"No. 15. (This instruction repeats the identical language of Instruction No. 14.)

"No. 17. If you find from the evidence that the plaintiff was guilty of contributory negligence in only a slight degree and that of the employer was gross, in comparison, then, in rendering a verdict, you shall diminish any award to the plaintiff in proportion to the amount of negligence attributable to the plaintiff as employee.

"No. 25. You are instructed that an employer is under the duty to furnish and use safety devices and safeguards

and to do every other thing reasonably necessary to protect the life and safety of his employee. This duty requires the employer to exercise ordinary care and to make a reasonably careful inspection at reasonable intervals to learn of dangers not apparent to the eye.

"It is for you to determine under all the facts and circumstances of this case whether or not defendants complied with this duty.

"No. 27. You are instructed that in order to provide for the safety of employees the Legislature of the State of California has enacted certain safety regulations provided for in the Labor Code of the State of California, as follows:

"Section 6310: 'Safe' and 'Safety' as applied to an employment or a place of employment mean such freedom from danger to the life or safety of employees as the nature of the employment reasonably permits.

"Section 6311: 'Safety device' and 'Safeguard' shall be given a broad interpretation so as to include any practicable method of mitigating or preventing a specific danger.

"Section 6401: Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes, which are reasonably adequate to render such employment and place of employment safe. Every employer shall do every other thing reasonably necessary to protect the life and safety of employeees.

"Section 6403: No employer shall fail or neglect: (a) (Safety devices and safeguards.) To provide and use safety devices and safeguards. (b) (Adequate methods and processes.) To adopt and use methods and processes reasonably adequate to render the employment and place of employment safe. (c) (Other things.) To do every other thing reasonably necessary to protect the life and safety of employees.

"No. 28. If you should find from the evidence that a party to this action has conducted himself in violation of any of the statutes just read to you, you are instructed that such conduct constituted negligence as a matter of law."

Other than as quoted above, the court gave no instruction on the effect of contributory negligence or on the subject of comparing any negligence of the plaintiff with that of the defendants. The court modified some of the instructions above quoted, and some of the others which were given, by striking therefrom all reference to a situation where the plain-

tiff was guilty of contributory negligence amounting to more than slight negligence in comparison with the negligence of the defendants, if any. The court also refused two instructions offered by the defendants. One of these would have told the jury that if it found that the plaintiff "was guilty of contributory negligence that equalled any negligence on the part of the defendant" it must render a verdict in favor of the defendants. The other would have told the jury that if it found that "the plaintiff and the defendants were both negligent, but the negligence of the plaintiff exceeded that of the defendants, or equalled it, then the plaintiff could not recover." The plaintiff argues that these instructions omitted the element of proximate cause. However, the court had included that element in its definition of contributory negligence, as given in the instruction first above quoted. In any event, the court, while deleting all reference to equal or greater negligence on the part of the plaintiff from the instructions given, and refusing others on that subject, failed to cover that element or situation, in any of the instructions which were given.

Section 2801 of the Labor Code has the effect of qualifying but not abolishing the defense of contributory negligence, in cases coming under it. It provides that contributory negligence shall not bar a recovery where it is slight in comparison to that of the employer, but that in such a case the damages may be proportionately reduced. In *Hontz* v. *San Pedro, etc. R. R. Co.*, 173 Cal. 750 [161 P. 971], the court said that this provision, then in the Roseberry Act, could have no application where the employer's negligence, if any, was slight as compared with the negligence of the employee. In *Tubbs* v. *Stone & Webster Const. Co.*, 30 Cal.App. 705 [159 P. 242], in discussing a similar provision, the court stated that the jury could not give a verdict for the defendants unless the plaintiff's negligence was found to be more than slight in comparison with that of the defendant. ▮ Construed literally, section 2801 of the Labor Code seems to provide that contributory negligence will bar a recovery where such negligence is more than slight and that of the employer is less than gross in comparison. Whether or not that meaning was intended, the provision for a proportionate reduction in damages would have the effect of barring a recovery where the negligence of the plaintiff equalled or exceeded that of the defendants. In all fairness, some further guidance should have been given

to the jury in applying this statutory provision to the close factual questions which were here presented.

In Instructions 14 and 15 the jury was told that it was to conclusively presume that an employee was not guilty of contributory negligence if the violation of any law enacted for the safety of employees had contributed to his injury. In No. 25 the jury was told that it was the employer's duty to furnish safety devices and safeguards and to do anything else reasonably necessary to protect the safety of the employee. The jury was then told, in No. 27, that in order to provide for the safety of employees the Legislature has enacted certain safety regulations. The court then read section 6401 and 6403 of the Labor Code as enacted ''for the safety of employees'' and providing that the employer must provide ''safety devices and safeguards,'' must use methods reasonably adequate to render the employment safe, and must ''do every other thing reasonably necessary to protect the life and safety of employees.'' These instructions, read together, told the jury that if the defendants had violated these statutes they were guilty of negligence as a matter of law, and that it must be conclusively presumed that the plaintiff was not guilty of contributory negligence. We think the provision in section 2801 of the Labor Code, for conclusive presumption against contributory negligence, was not intended to apply under such circumstances as here appear and that the statutes set forth in Instruction No. 27 were not applicable. Those statutes are found in a chapter devoted to safety devices and safeguards, and refer to matters which are under the control of the Industrial Accident Commission. (Lab. Code, § 60.) In commenting on a similar situation the court, in *Weddle* v. *Heath*, 211 Cal. 445 [295 P. 832], said:

''It is manifest that this instruction is intended to apply that portion of section 1 of the Roseberry Act, relating to a violation of a statute providing for the safety of employees, to sections 34 and 35 of the Workmen's Compensation Act, which provide generally that the employer may not allow the employee to be in a place of employment which is not safe, but must furnish for the use of the employee safety devices and safeguards and must adopt all methods and processes reasonably adequate to make the place of employment safe and must do every other thing reasonably necessary to protect the life and safety of the employee. The instruction does not set forth any specific requirement of any section of the law that might be here involved. It simply leaves the question

to the jury as to whether or not the defendant did everything reasonably necessary to protect the life and safety of his employees or, putting it in other language, the defendant is denied the right to rely to any extent upon the contributory negligence of the plaintiff if the jury believed, for any cause, known or unknown, that the place where the plaintiff performed his work was unsafe.

"We cannot come to any other conclusion than that the giving of this instruction was serious and far-reaching error. The Workmen's Compensation Act followed and did not precede the Roseberry Act and its provisions are largely a restatement of the general common-law principles applicable to the law of negligence. It has always been the duty of the employer to exercise ordinary care in providing a safe place for the servant to work and in providing all reasonable safeguards for him while engaged in such work. These sections of the Workmen's Compensation Act do little more than codify said principles. We think it must be held that the provisions of section 1 of the Roseberry Act are intended to apply to concrete and specific requirements set forth by statute entailing specific duties upon an employer. Any other construction would for all practical purposes destroy the right to rely to any extent upon the contributory negligence of the servant."

The instructions were somewhat conflicting in that the jury was told that contributory negligence, if slight, might be considered for the purpose of reducing the damages, and was also told that it was not to be considered at all if the defendants had failed to do everything reasonably necessary to protect the plaintiff's safety. The jury may well have thought that the defendants were negligent in not keeping this tractor in repair and that the plaintiff was guilty of equal or greater negligence in going down this steep bank with knowledge that the tractor could not make the turn required, but may also have thought that the matter of contributory negligence should not be considered since the defendants had violated a safety law in that they had failed to do everything necessary to protect the safety of the plaintiff. The practical effect of the instructions, as a whole, was to take the issue of contributory negligence away from the jury and pass upon it as a matter of law.

Close questions of fact were here presented and it cannot be told what the result would have been had those issues been

clearly and correctly left to the jury. Prejudicial error appears and the defendants are entitled to a new trial.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 3, 1952. Carter, J., was of the opinion that the petition should be granted.