[Civ. No. 18631.   First Dist., Div. Two.   Jan. 21, 1960.]

BEATRICE BENSON, Appellant, v. ADELAIDE BRADY, Respondent.

Carl B. Shapiro for Appellant.

Alexander, Bacon & Mundhenk and Herbert Chamberlin for Respondent.

KAUFMAN, P. J.—Appellant, Beatrice Benson, pursuant to section 2801 of the Labor Code, filed this action for personal injuries against her employer, Adelaide Brady, the respondent herein. This appeal is from a judgment entered on a jury verdict in favor of the respondent. The only contentions on appeal are that the trial court erred in its instructions to the jury on the effect of contributory negligence and the doctrine of comparative negligence.

As there were no witnesses besides the parties to the accident in which the appellant was injured, the record reveals a substantial amount of conflicting evidence. The appellant worked one day a week as a part-time domestic servant, at the respondent's home at 2633 Vista Del Mar in Tiburon. The accident occurred on December 22, 1955, about 10:30 or 11 in the morning. At that time, it was daylight and raining lightly, but there had been a very heavy rain. The respondent drove the appellant to the Brady home and parked the car in the left-hand slot of the garage. The respondent's home had a hillside entrance with a corrugated concrete driveway and walkway ramp leading downhill from the garage to the entrance of the house.

The respondent testified that she told the appellant to be

careful on the way to the house. The appellant denied this and stated that after she had gotten out of the parked car on the passenger side and taken 2-3 steps down the driveway, her left foot slipped and she fell backward and was partially jammed under another parked car on the ramp about 3 feet away. Her left leg was broken and she sustained other minor injuries as a result of which she was unable to work for several months. The appellant stated that she was walking slowly and looked where she was going. The respondent testified that appellant was running down the driveway and that she heard the appellant stumble and fall.

The ramp was wet from the rain. As the appellant had been employed at the respondent's home for several months, she was familiar with the entrance to the house. The appellant testified that she was wearing low heeled flat shoes. The respondent stated that the appellant was wearing unstable sling shoes. The appellant testified that she was carrying a shopping bag while the respondent testified that she was quite sure that the appellant was not carrying anything.

The appellant stated that she saw and felt grease in the garage on the morning of the accident. She did not, however, discover any grease on her shoes until several months after the accident. The respondent testified that there were always grease mats under the parking area in the garage but that there was no grease present on the day of the accident as the garage had been cleaned earlier that very morning.

The first contention on appeal is that the trial court erred in giving, on its own motion, the following instruction on contributory negligence:

"The issues to be determined by you in this case are these:

"First: Was the defendant negligent?

"If you answer that question in the negative, you will return a verdict for the defendant. If you answer it in the affirmative, you have a second issue to determine, namely:

"Was that negligence a proximate cause of any injury to the plaintiff?

"If you answer that question in the negative, plaintiff is not entitled to recover, but if you answer it in the affirmative, you then must find on a third question:

"Was the plaintiff negligent?

"If you find that she was not, after having found in plaintiff's favor on the other two issues, you then must fix the amount of plaintiff's damages and return a verdict in her favor.

"If you find that plaintiff was negligent, you then must determine a fourth issue, namely:

"*Did that negligence contribute as a proximate cause of the injury of which the plaintiff here complains?*

"*If you find that it did, your verdict must be for the defendant,* but if you find that it did not, and you previously have found that negligence on defendant's part was a proximate cause of plaintiff's injury, you then must fix the amount of plaintiff's damages and return a verdict in her favor.

"But, if you should answer that fourth question in the affirmative, thus finding that the plaintiff was guilty of contributory negligence, you then must follow the law and procedure for arriving at damage and diminishing the same in proportion to the amount of negligence attributable to the plaintiff. This you will do in accordance with instructions that I have given and shall give on such matters." [Emphasis supplied.]

Appellant argues that the above quoted instruction denied her the protection specifically provided by section 2801 of the Labor Code which reads as follows:

"In any action to recover damages for a personal injury sustained within this State by an employee while engaged in the line of his duty or the course of his employment as such, or for death resulting from personal injury so sustained, in which recovery is sought upon the ground of want of ordinary or reasonable care of the employer, or of any officer, agent or servant of the employer, the fact that such employee has been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee.

"It shall be conclusively presumed that such employee was not guilty of contributory negligence in any case where the violation of any law enacted for the safety of employees contributed to such employee's injury.

"It shall not be a defense that:

"(a) The employee either expressly or impliedly assumed the risk of the hazard complained of.

"(b) The injury or death was caused in whole or in part by the want of ordinary or reasonable care of a fellow servant.

"No contract, or regulation, shall exempt the employer from any provisions of this section."

The applicable rules for cases under the statute were well

stated in *Mantonya* v. *Bratlie*, 109 Cal.App.2d 244 [240 P.2d 667]. In that case, a ranch employee sued his employers on the theory that his injuries were caused by a defective tractor which his employers had failed to keep in repair. The only instruction on contributory negligence given was the following:

"No. 17. If you find from the evidence that the plaintiff was guilty of contributory negligence in only a slight degree and that of the employer was gross, in comparison, then, in rendering a verdict, you shall diminish any award to the plaintiff in proportion to the amount of negligence attributable to the plaintiff as employee."

The court, in reversing the judgment for the plaintiff-employee held at 250 and 251:

"Section 2801 of the Labor Code has the effect of qualifying but not abolishing the defense of contributory negligence, in cases coming under it. It provides that contributory negligence shall not bar a recovery where it is slight in comparison to that of the employer, but that in such a case the damages may be proportionately reduced. In *Hontz* v. *San Pedro, etc. R. R. Co.*, 173 Cal. 750 [161 P. 971], the court said that this provision, then in the Roseberry Act, could have no application where the employer's negligence, if any, was slight as compared with the negligence of the employee. In *Tubbs* v. *Stone & Webster Const. Co.*, 30 Cal.App. 705 [159 P. 242], in discussing a similar provision, the court stated that the jury could not give a verdict for the defendants unless the plaintiff's negligence was found to be more than slight in comparison with that of the defendant. Construed literally, section 2801 of the Labor Code seems to provide that contributory negligence will bar a recovery where such negligence is more than slight and that of the employer is less than gross in comparison. Whether or not that meaning was intended, the provision for a proportionate reduction in damages would have the effect of barring a recovery where the negligence of the plaintiff equalled or exceeded that of the defendants. In all fairness, some further guidance should have been given to the jury in applying this statutory provision to the close factual questions which were here presented."

After giving the usual preliminary instructions defining negligence, the court in the instant case read the relevant portion of section 2801, and then instructed as follows:

"An employer is under a duty to furnish a safe working place for employees. This duty requires the employer to exercise ordinary care and to make a reasonably careful inspection

at reasonable intervals to learn of dangers, not apparent to the eye.

"The defendant was under a duty, which she could not delegate to others, to furnish the plaintiff with a reasonably safe place in which to work, and the omission on the part of the defendant, if any you find, to furnish a reasonably safe place in which to work is negligence, and renders the defendant liable in damages for the injury, if any, to the plaintiff caused by reason of such negligence, if any you find.

"It is the duty of the employer to inform the employee of any danger of which the employer is or ought to be aware, but of which the employee is ignorant.

"No inference of negligence arises from the mere fact that plaintiff fell, or from the mere fact that the sidewalk was slippery, if you find from the evidence such to have been the fact.

"To impose liability on the owner it must be shown that the claimed condition of the walk or passageway existed, and that the owner knew or should have known of it.

"    .    .    .    .    .    .    .    .    .    .

"You are instructed that if you should find in this case that there was negligence on the part of the defendant employer, and negligence on the part of the plaintiff, and that the negligence of both concurred and combined to produce the injury to the plaintiff, the law does not prevent the plaintiff from recovering. It is the doctrine of comparative negligence that applies in such an instance. You compare the negligence, and you do not, by reason of contributory negligence on the part of the plaintiff, deny recovery upon her part, if she is at all entitled to recover under my instructions."

Appellant also complains of the following instructions on comparative negligence:

"If you find that both the plaintiff and the defendant were negligent and that the negligence of the plaintiff which contributed to the accident exceeded that of the defendant or equaled it, then the plaintiff cannot recover.

"For the purpose only of illustrating how to apply the law that requires a proportional reduction of damages in the event of finding both the defendant and the plaintiff were guilty of negligence which contributed as a proximate cause to plaintiff's injury, let us assume that a jury in a case similar to this has made such findings.

"Its next step would be to determine the amount of damages to which the plaintiff would be entitled under the Court's instructions, if the factor of contributory negligence were

not present and the other necessary elements of liability were present. Let us call that amount 'X Dollars.'

"The jury next would be required to view as a combined effect the negligence of the defendant and the negligence of the plaintiff which were proximate causes of the injury. Then, with that combined negligence in mind the jury would determine, in fractions or percentages, what portion of it, *less than one-half*, consisted of plaintiff's own conduct." [Emphasis supplied.]

Appellant complains particularly of the language in the above instruction which instructs the jury to view the combined effect of the negligence of both parties, and the language which implies that her own negligence had to be less than half of the total negligence in order to recover.

[■■] In following the rule of the Mantonya case, *supra*, the question here is, whether when the instructions are considered as a whole, as they must be (*Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514 [203 P.2d 522]), the particular instructions complained of, prevented the jury from receiving adequate guidance, in applying the provisions of section 2801 of the Labor Code, to the questions of fact here presented. It must also be noted that although the statute speaks in terms of "slight negligence" and "gross negligence," both sides in the instant case stipulated that the court need not instruct the jury on the definition of these terms. ■■ As stated in *Alarid* v. *Vanier*, 50 Cal.2d 617 at page 625 [327 P.2d 897] :

"No precise formula can be drawn for deciding whether there has been a miscarriage of justice. In each instance the determination whether the probable effect of an instruction has been to mislead the jury and whether the error has been prejudicial so as to require a reversal depends upon all the circumstances, including the evidence and the other instructions given. . . ."

Viewing the instructions as a whole, we find no prejudicial error. The trial court substantially followed the rule of the Mantonya case and in view of the highly conflicting evidence as to the cause of this accident, we cannot say that the verdict of the jury does not find support in the evidence.

In view of the foregoing, the judgment of the trial court is hereby affirmed.

DOOLING, J., and DRAPER, J.—■■ We concur. However, a word should be said as to a point raised by appellant at oral argument but not discussed in the above opinion. Ap-

pellant argued that the instructions erroneously directed the jury to determine the proportionate causal contribution of the parties to plaintiff's injury, rather than their proportionate negligence. This question has not been determined in California. In other jurisdictions, the rule appears to be that, once causal connection of the negligence of each party with the injury is found, "the apportionment must be made on the basis of comparative fault rather than comparative contribution" (41 Cal.L.Rev. 1, 14-15). Assuming this doctrine to be applicable in California, the instructions here given are consistent with it. The jury was told to view the combined negligence of plaintiff and defendant, and then to determine what portion of it consisted of plaintiff's own conduct. Thus the instructions are not vulnerable to the criticism made by appellant.

A petition for a rehearing was denied February 19, 1960, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1960.