[Civ. No. 20501. First Dist., Div. Two. Apr. 29, 1963.]

AGNES BAILEY, Plaintiff and Appellant, v. CLIFFORD SIMPSON et al., Defendants and Respondents.

Johnson, Thorne, Speed & Bamford, John E. Thorne and Herbert S. Stanek for Plaintiff and Appellant.

Bruno & Gassett and Simon J. Katzen for Defendants and Respondents.

SHOEMAKER, J.—Plaintiff Agnes Bailey brought this action to recover damages for personal injuries sustained while working as a domestic on the premises of defendants Clifford and Gladys Simpson. The complaint alleged the negligent failure of the Simpsons to provide her with proper tools and a safe place to work. Defendants' answer denied any negligence, and raised the defenses of contributory negligence and assumption of risk. Under counsel's stipulation, the issue of liability was tried first, and resulted in a verdict in defendants' favor, followed by the entry of the judgment from which plaintiff appeals.

The evidence produced showed that the plaintiff had worked for the Simpsons some two and one-half years; that she was an experienced cleaning woman and her hours were once a week for one-half day.

On the day of the accident, plaintiff arrived at the Simpson

home shortly after 8 a.m. Mrs. Simpson instructed her to clean the house as usual, and, if she had time, to wash the outside of the frontroom window; as was customarily the case, both the Simpsons then left and Mrs. Bailey proceeded with her cleaning chores. In due time she prepared to wash the window. She took one of the kitchen chairs, which she placed on the asphalt driveway beneath the window, with the back of the chair against the house, and then stood upon the chair and began cleaning the window. She started to step down from the chair to remoisten a rag, fell to the ground and was injured.

Mrs. Bailey testified that she had used the chair before and considered it safe; that she would have preferred a ladder but Mrs. Simpson had informed her that they did not own one. The Simpsons each testified that they did own a 7-foot stepladder which they kept in the garage, but that Mrs. Bailey had never asked to use it.

After judgment for defendants was entered, the plaintiff moved for a new trial, contending that certain of the jury instructions on contributory negligence were inaccurate and incomplete. The motion was denied, the trial court writing a ''Memorandum of Decision. . . .'' Plaintiff filed a notice of appeal ''from the verdict and decision in the above entitled case.'' In her notice to prepare the record on appeal, plaintiff requested a reporter's transcript consisting solely of her own testimony and the instructions to the jury. The clerk's transcript was to include the complaint, answer, pretrial conference order, and the ''Memorandum of Decision on Plaintiff's Motion for New Trial.'' Plaintiff did not request that a copy of the judgment be included in the transcript.

Respondents now contend that the appeal must be dismissed because the notice of appeal refers only to ''the verdict and decision'' in the case. It is respondents' position that the only ''decision'' in the case was the ''Memorandum of Decision . . .'' denying appellant's motion for a new trial. Since no appeal will lie from either a verdict or an order denying a motion for new trial, respondents contend that appellant has failed to invoke the jurisdiction of this court.

Unquestionably, the attempted appeal from the verdict must be dismissed. The rule is well settled that no such appeal will lie. (*Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617, 621 [311 P.2d 1]; *People* v. *Olds* (1956) 140 Cal.App.2d 156, 157-158 [294 P.2d 1034].) It is equally well established that no appeal may be taken from an order

denying a motion for new trial. (*Rodriguez* v. *Barnett* (1959) 52 Cal.2d 154, 156 [338 P.2d 907]; *Gomes* v. *Byrne* (1959) 51 Cal.2d 418, 419 [333 P.2d 754].)

This leaves for determination the question of whether or not the word "decision" in the notice of appeal can be interpreted to mean "judgment," for unless it can, the plaintiff's appeal must fail.

Rule 1(a), California Rules of Court* (tit. 1, div. I, ch. I) provides that a notice of appeal is sufficient "if it states in substance that the appellant appeals from a specified judgment or a particular part thereof" and that "A notice of appeal shall be liberally construed in favor of its sufficiency." In *Evola* v. *Wendt Constr. Co.* (1958) 158 Cal.App.2d 658 [323 P.2d 158], the notice of appeal described the appeal as being taken from an order sustaining a demurrer without leave to amend. It was construed as an appeal from the judgment subsequently entered. In *Collins* v. *City & County of San Francisco* (1952) 112 Cal.App.2d 719 [247 P.2d 362], a notice of appeal which referred to a minute order of a given date was construed as an appeal from a "judgment" of a different date. In *Luz* v. *Lopes* (1960) 55 Cal.2d 54 [10 Cal. Rptr. 161, 358 P.2d 289], the court held that a notice of appeal from " 'all orders and rulings' " which were adverse to appellants could properly be interpreted to include the judgment as well. The court, in so holding, pointed out that there had been no showing that the respondents had been misled or prejudiced by the ambiguous wording of the notice of appeal.

The word "decision" has been defined as "a comprehensive term having no fixed, legal meaning." (Black's Law Dictionary (4th ed. 1951).) As such, it would appear to have a much broader meaning than the word "order" and could be interpreted to include a "judgment." Respondents contend, however, that such a construction is not possible in view of the fact that appellant, in her request to prepare a clerk's transcript, made no reference to the "judgment" and asked only that the order denying her a new trial be included. This argument would be a persuasive one if the record did not affirmatively reveal that respondents were in no way misled by the ambiguities in the notice of appeal and the request for clerk's transcript. To the contrary, respondents filed their own request for clerk's and reporter's transcripts and therein specified that the record on appeal should

---

*Formerly Rules on Appeal, rule 1(a).

include the judgment, and, in addition, all of the oral proceedings and all rulings made by the trial court. This action on respondents' part indicates to us that they were fully prepared to defend against an appeal from the judgment and had not been misled into believing that the word "decision" in the notice of appeal referred solely to the nonappealable order denying appellant's motion for new trial. Such being the facts, the rule that every case should, if possible, be heard on its merits, applies (*Girard* v. *Monrovia City School Dist.* (1953) 121 Cal.App.2d 737, 740 [264 P.2d 115]), and we will construe the word "decision" in the notice of appeal to include the "judgment" in respondents' favor.

Turning now to the merits of this appeal, it is appellant's contention that the court improperly instructed the jury on the question of contributory negligence by failing to indicate that the law provides for the "proportioning" of damages notwithstanding an employee's contributory negligence. Appellant also contends that the court erred in failing to define the terms "gross" and "slight" as used in the instructions on contributory negligence.

In arguing that the jury ought to have been instructed on its right to "proportion" damages, appellant relies upon section 2801 of the Labor Code, which provides in relevant part as follows: "In any action to recover damages for a personal injury sustained within this State by an employee while engaged in . . . the course of his employment as such, . . . in which recovery is sought upon the ground of want of ordinary or reasonable care of the employer, . . . the fact that such employee has been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee." We remind counsel that they stipulated to a bifurcated trial, with the issue of liability being tried prior to and separately from the issue of damages. In instructing the jury upon the liability issue, the court accordingly made no reference to damages and did not instruct upon that portion of Labor Code, section 2801, which provides that damages may be diminished by the jury in proportion to the amount of negligence attributable to the employee. The court merely defined contributory negligence and then went on to instruct the jury that "An employee who is guilty of contributory negligence may not recover from her employer for injuries suf-

fered unless her contributory negligence was slight and that of the employer was gross in comparison.'' Appellant does not now contend that this latter instruction, which was clearly based upon Labor Code, section 2801, was in any way improper in itself. She does contend, however, that this instruction was incomplete, since it did not inform the jurors of their right to ''proportion'' damages, with the result that the jury lacked the basis for a real understanding of comparative liability and the ''proportioning'' procedure available to it. In support of this contention, appellant relies upon *Mantonya* v. *Bratlie* (1952) 109 Cal.App.2d 244 [240 P.2d 667], and *Benson* v. *Brady* (1960) 177 Cal.App.2d 280 [2 Cal.Rptr. 124]. Both of these authorities are readily distinguishable from the present case.

In the *Mantonya* case, the court, in its instructions to the jury, read Labor Code, section 2801, in its entirety, and also informed the jury that the defendants' failure to furnish safety devices and safeguards and to do every other thing reasonably necessary to protect the employee's life and safety, would constitute negligence as a matter of law. Verdict and judgment were for plaintiff, and defendants appealed. The appellate court, in reversing the judgment, held that ''The practical effect of the instructions, as a whole, was to take the issue of contributory negligence away from the jury and pass upon it as a matter of law.'' (P. 252.)

In the *Benson* case, the plaintiff, a part-time domestic servant, brought suit against her employer pursuant to Labor Code, section 2801, to recover for injuries sustained when she slipped and fell on her employer's driveway. Verdict and judgment were for the defendant, and the plaintiff appealed, contending that the court had erred in instructing the jury to consider the combined effect of the negligence of the plaintiff and defendant and to deny the plaintiff recovery if her own negligence exceeded half of the total negligence. The court affirmed the judgment, holding that the plaintiff had not been prejudiced by these instructions.

These decisions involved the usual trial situation in which no attempt had been made to have the jury determine the issues of liability and damages separately. Accordingly, neither case dealt with the problem of segregating the instructions bearing upon each of these issues.

In the present case, the bifurcated trial procedure, as appellant herself concedes, was intended to minimize complexity and confusion. Under such trial procedure, the court prop-

erly limited its instructions to the liability portions of Labor Code, section 2801. An examination of appellant's proposed instructions reveals that she offered no other instruction bearing on section 2801 than the one actually given by the court. Under such circumstances, she may not now complain that the instructions given were incomplete. (*Townsend* v. *Butterfield* (1914) 168 Cal. 564, 569 [143 P. 760] ; *Barrera* v. *De La Torre* (1957) 48 Cal.2d 166, 170 [308 P.2d 724] ; *Mula* v. *Meyer* (1955) 132 Cal.App.2d 279, 286 [282 P.2d 107] ; 2 Witkin, California Procedure, Trial, § 52, pp. 1780-1781.)

Similarly, appellant's contention that the court ought to have defined the terms "gross" and "slight" cannot be sustained, since appellant herself concedes that she offered no explanatory instructions on this point. (See *Bruce* v. *Western Pipe & Steel Co.* (1917) 177 Cal. 25, 28 [169 P. 660].)

For the reasons above stated, the attempted appeal from the verdict is dismissed, and the judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.