[S. F. No. 10233. In Bank.—September 13, 1922.]

## EDMUND A. ROSSI, Respondent, v. ARTHUR J. CAIRE et al., Appellants.

[1] APPEAL—INTERLOCUTORY JUDGMENT—ACTION TO WIND UP DE-
FUNCT CORPORATION.—An interlocutory judgment in an action by
a stockholder of a defunct corporation to compel the trustees to
wind up its affairs declaring the status of the plaintiff as a stock-
holder, directing the trustees to render and file a full inventory
and accounting of the properties of the corporation and reserv-
ing for future disposition all further proceedings in the matter
of the accounting and settlement of the affairs, is not one of the
interlocutory judgments, orders or decrees specified in section
963 of the Code of Civil Procedure from which appeals are per-
mitted to be taken, and an appeal taken from such a judgment
must be dismissed.

MOTION to dismiss an appeal from an interlocutory
judgment. Granted.

The facts are stated in the opinion of the court.

Frank P. Deering and J. F. Bluxome for Appellants.

D. Freidenrich, Orrin K. McMurray and Ambrose
Gherini for Respondent.

THE COURT.—Motion to dismiss appeal from the inter-
locutory judgment herein.

The facts of this case are sufficiently set forth in our
former decisions in the cases of *Rossi* v. *Caire,* 174 Cal. 74
[161 Pac. 1161], and *Rossi* v. *Caire,* 186 Cal. 544 [199 Pac.
1042]. In the latter of these cases the judgment in the
defendants' favor was reversed and the cause remanded for
further proceedings consistent with the views expressed in
that decision. Thereafter the trial court made and entered
its interlocutory judgment in the plaintiff's favor, de-
claring the status of the plaintiff as a stockholder of the
Santa Cruz Island Company, a defunct corporation, and
directing the defendants as trustees thereof to render and file
a full inventory and accounting of the properties of said
corporation in their hands as the trustees thereof, and take

all necessary and proper steps to obtain possession of all of such properties. The decree further orders "that all further proceedings in the matter of the accounting and settlement of the affairs of the Santa Cruz Island Company are reserved for disposition as may be hereafter determined and adjudged therein." It is from this decree that the present appeal has been taken and the ground of the respondent's motion to dismiss said appeal is "that the said interlocutory decree appealed from is a nonappealable order."

[1] We think the motion must be granted. In the first case of *Rossi* v. *Caire,* 174 Cal. 74 [161 Pac. 1161], this court, in discussing a similar decree in a previous action between the same parties, for substantially the same relief, held that the judgment in that action "merely declared the status of the plaintiff as a stockholder, the number of his shares, his right to distribution and directed the trustees to give notice to creditors and file an inventory of the assets of the corporation. In its nature and effect it was preliminary and interlocutory and not final." The appeal in that case was from certain subsequent orders made upon the filing of such inventory and which directed the sale of the properties and distribution of the funds of the corporation as reported therein. This court held that these orders were appealable as final judgments and that upon such appeal "there may be a review of the previous proceedings, including the sufficiency of the findings to support the interlocutory judgment. These rulings cover the precise situation as presented upon the appeal except that the appeal in this case is from the interlocutory judgment itself. Said interlocutory judgment is not one of the interlocutory judgments, orders or decrees specified in section 963 of the Code of Civil Procedure from which appeals are permitted to be taken, and the court is therefore without jurisdiction of the attempted appeal. (*Krotzer* v. *Clark,* 178 Cal. 736 [174 Pac. 657].) It follows that this appeal must be dismissed and it is so ordered.

Richards, J., *pro tem.,* Shaw, C. J., Lennon, J., Lawlor, J., Wilbur, J., and Waste, J., concurred.