[Civ. No. 7699.   Third Dist.   Apr. 24, 1950.]

NATHANIEL E. ROBINS, Appellant, v. CHARLES JACOB WEIS, Respondent.

Erling S. Norby for Appellant.

Russell A. Harris and Leo Fitzwilliams for Respondent.

VAN DYKE, J.—Plaintiff, claiming to have been injured by defendant's negligence in operating his car, brought action to recover damages. Defendant answered, denying negligence and pleading contributory negligence of plaintiff. Upon the trial a jury brought in a verdict against plaintiff. He moved for a new trial and his motion was denied. The transcript contains neither a copy of the order denying new trial nor a copy of the judgment.

Appellant herein, plaintiff below, gave notice of appeal from the verdict against him and from an order denying his motion for a new trial. He did not notice an appeal from the judgment based upon the verdict. His notice to the clerk that a transcript was desired likewise stated the appeals were from the verdict and from the order.

An appeal does not lie from a verdict (*Sawyer* v. *Sunset Mutual Life Ins. Co.*, 8 Cal.2d 492 [66 P.2d 641]) ; nor from an order denying a new trial in a civil case (2 McK. Dig., Appeal and Error, § 74). Hence the notice failed to invoke the jurisdiction of this court. The appeals must be dismissed.

Notwithstanding the failure to invoke our jurisdiction, we have read the transcript and the briefs. Therefrom it appears that both as to defendant's alleged negligence and as to plaintiff's alleged contributory negligence, the testimony was conflicting. From it the jury might have found negligence or lack of it as to plaintiff and defendant. The jury by their verdict either found defendant to have been free from negligence or found him to have been negligent, but that his negligence was accompanied by contributory negligence of the plaintiff, barring a recovery. The evidence would support either conclusion, and hence an appeal from the judgment, if one had been properly taken, would have been unavailing.

The appeals are dismissed.

Adams, P. J., and Peek, J., concurred.