[Civ. No. 21119. Second Dist., Div. One. Mar. 22, 1956.]

THE PEOPLE, Respondent, v. LLOYD ELI OLDS, Appellant.

David C. Marcus for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

NOURSE (Paul), J. pro tem.*—After his conviction of violation of section 286 of the Penal Code but before sentence and without any ruling upon his application for probation, the defendant was committed to the state hospital at Norwalk for a period not to exceed 90 days and for observation as a sexual psychopath pursuant to section 5512 of the Welfare and Institutions Code.

Before the expiration of the 90-day period the superintendent of the hospital made a verified report in writing to the court in which he stated that in his opinion defendant was a sexual psychopath within the meaning of section 5500 of the Welfare and Institutions Code, that he was a menace to the health and safety of others, and that he would benefit by treatment in the state hospital at Atascadero.

Upon the basis of this report, the court committed the defendant to the state hospital at Atascadero for an indeterminate period. Defendant then, pursuant to section 5512.5, Welfare and Institutions Code, demanded a jury trial to determine the issue as to whether he was a sexual psychopath within the meaning of section 5500 of the Welfare and Institutions Code. The trial court then suspended proceedings and committed the defendant to the county jail and thereafter a jury trial was had and the jury returned a verdict finding the defendant to be ''a sexual psychopath within the meaning of 5500 Welfare and Institutions Code.''

Defendant moved for a new trial which was denied, and upon denying the new trial the court again entered an order committing the defendant to the ''Department of Mental Hygiene at Atascadero State Hospital for an indeterminate period.''

The proceedings had under the Welfare and Institutions Code are special proceedings of a civil nature, collateral to the criminal action (*Gross* v. *Superior Court*, 42 Cal.2d 816, 820 [270 P.2d 1025]). The proceeding being civil in nature, the right to appeal is governed by section 963 of the Code of Civil Procedure.

In the present case defendant has appealed from the verdict of the jury only. His notice of appeal reads, ''The defendant, Lloyd Eli Olds, hereby appeals from the verdict rendered in the above entitled matter on the 15th day of February, 1955, and from the whole thereof.''

A verdict is not one of the orders specified in sec-

---

*Assigned by Chairman of Judicial Council.

158

tion 963, Code of Civil Procedure, and appeal does not lie from a verdict (*Robins* v. *Weis,* 97 Cal.App.2d 144, 145 [217 P.2d 156]).

A notice of appeal from a nonappealable order fails to invoke the jurisdiction of this court (*Rossi* v. *Caire,* 189 Cal. 507, 508 [209 P. 374]; *Sherman* v. *Standard Mines Co.,* 166 Cal. 524 [137 P. 249]; *Robins* v. *Weis, supra*).

The appeal is therefore dismissed.

Doran, Acting P. J., and Fourt, J., concurred.

A petition for a rehearing was denied April 10, 1956.