[Crim. No. 1882. Fourth Dist. Sept. 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE COLE MORRISON, Defendant and Appellant.

Smith, Prante & Biggins and James A. Biggins, Jr., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.— Appellant herein, George Cole Morrison, is the subject of the instant sexual psychopathy pro-

ceeding; on March 21, 1962, pleaded guilty to a violation of section 311.2 of the Penal Code, *viz.*, possessing obscene pictures and exhibiting them to a 13-year-old girl; was certified to the Superior Court for consideration as a probable sexual psychopath; was found to be such and ordered placed in Atascadero State Hospital for observation and diagnosis, after which, the superintendent thereof verified this finding; in due course, was committed as a sexual psychopath for placement in that hospital for an indeterminate period; upon demand, was tried by a jury which found him to be a sexual psychopath; again was committed for an indeterminate period; moved for a new trial, which was denied; and, thereupon, appealed from the judgment and from the order denying his motion for a new trial in the sexual psychopathy proceeding. The order aforesaid is not appealable and the attempted appeal therefrom should be dismissed. (Code Civ. Proc., § 963; *People* v. *Olds*, 140 Cal.App.2d 156, 157 [294 P.2d 1034].)

In June of 1961, the appellant, a 27-year-old man, picked up a 17-year-old female hitchhiker; gave her a ride in his automobile; was shown some pornographic pictures in book form which she had in her possession; engaged in an act of sex perversion with her; gave her $2.00; and kept the pictures in question. During the next succeeding nine months, appellant picked up no less than six other girls, from 13 to 17 years of age, on their way to school, to whom he showed the subject pictures; picked up one of these girls four different times; also picked up a 25-year-old woman and showed her the pictures; twice tried to pick up girls who would not get into his automobile; on two occasions exposed himself in the presence of the girls riding with him; and on two other occasions, while exhibiting the pictures to these girls, engaged in sexual acts with himself. The last pickup occurred on March 7, 1962; involved a 13-year-old girl; and resulted in the criminal charge to which he pleaded guilty.

Three psychiatrists and the staff at the state hospital were of the opinion that appellant was a sexual psychopath in need of care and treatment as prescribed by law.

Appellant contends that the judgment committing him to the state hospital should be reversed because the trial court erred (1) in admitting evidence that he and his present wife cohabited prior to marriage; (2) in interrogating witnesses; (3) in making comments which, in effect, constituted an expression of views adverse to the appellant's position; and

(4) in failing to clarify certain instructions defining the term ''sexual psychopath.''

█ Appellant's wife was called by and testified on his behalf. On cross-examination, in response to questions asked by the district attorney, she testified, in substance, that she lived with appellant for two years before ''actually'' marrying him; that he was the father of two of her children; and that these children were conceived before the ''date'' of their marriage. No objection was made to the questions eliciting this testimony; to its admission in evidence; or to its consideration by the jury. To the contrary, on redirect examination, counsel for appellant elicited testimony from her to the effect that she lived with appellant during this two-year period for the benefit of her son by a prior existing marriage; that she was required to establish a year's residence in California before commencing divorce proceedings; and that she had to wait a year after obtaining an interlocutory decree before her divorce became final and she became legally eligible to marry appellant.

Previously, appellant had testified that he was married in April 1961; that he had lived with his wife before he married her; and that his youngest child was born in September 1961.

As a general rule, an alleged error in the admission of testimony to which no objection is made in the trial court may not be urged on appeal. (*People* v. *Glatman,* 52 Cal.2d 283, 286 [340 P.2d 8]; *People* v. *Feldkamp,* 51 Cal.2d 237, 241 [331 P.2d 632]; *People* v. *DeCasaus,* 194 Cal.App.2d 666, 675 [15 Cal.Rptr. 521].) This rule applies to the instant case and forecloses any claim of error in admitting the wife's aforesaid testimony.

The trial judge interrogated appellant's wife respecting the continued residence of her former husband in Kansas after he entered the Navy; the latter's right to obtain a decree of divorce from her in that state; and the immediate effect of such a decree. The purpose of this inquiry is not clear. It appears to be immaterial. However, no objection thereto was made at the time of trial.

█ A defense psychiatrist testified that appellant was not a sexual psychopath although he exhibited regressive sexual behavior and had the personality structure of an 18-year-old adolescent. The trial judge asked the witness: ''When may we expect this twenty-nine year old respondent to get out of adolescence?'' to which the witness replied: ''I don't

know that he ever will.'' The question was pertinent. No objection was made thereto. Thereafter the judge questioned the psychiatrist concerning the normality of appellant's expressed wish to have daily physical intercourse with his wife, and at the conclusion of this interrogation made a facetious remark. The interrogation was material to the issues at hand. The remark was unnecessary and inconsequential. No objection was made to either thereof.

''It is settled that a judge's examination of a witness may not be assigned as error on appeal where no objection was made when the question occurred.'' (*People* v. *Corrigan*, 48 Cal.2d 551, 556 [310 P.2d 953].)

As appellant made no objection to the judge's questioning in the instant case at the time of trial, he may not object thereto on appeal.

■ At one stage of the proceeding counsel for appellant, Mr. Biggins, asked his client whether the authorities at the state hospital had embarked on any program of therapy while he was there. The deputy district attorney objected to the question as immaterial. Thereupon the following colloquy occurred:

''THE COURT: Well, Mr. Biggins, we are concerned with his condition when he went up there. What they did after that I think probably would be immaterial.

''MR. BIGGINS: Your Honor, my understanding is that we are concerned with his condition at the present time.

''THE COURT: Well, are you going to show a recovery?

''MR. BIGGINS: I am going to show that probably Doctor Overholt's official diagnosis was the correct one. At least that is our contention.[1]

''THE COURT: Probably save time by letting him testify. Overruled.''

Appellant contends that through the foregoing questions the court indicated a belief that he was a sexual psychopath at the time he was admitted to the hospital. This contention is based upon an isolated consideration of a single question. Taken as a whole, and considered objectively, the subject discussion portrays an attempt by the court to determine the basis for a question to which an objection had been made, in order to rule upon its relevancy and materiality.

---

[1]Dr. Overholt, a staff psychiatrist at the state hospital, originally was of the opinion that appellant was not a sexual psychopath, but thereafter concluded that he was such.

■ Appellant also contends that the court's interrogation of his wife, of the psychiatrist, and of his attorney, was undertaken in a spirit of advocacy; was error; and was prejudicial to his cause. The trial judge was not so advised at the time the subject interrogations took place; was not given the opportunity to instruct the jury to the contrary; and, for these reasons, under the rule applied in *People* v. *Corrigan, supra,* 48 Cal.2d 551, 555-556, the alleged error may not be asserted on appeal. Furthermore, the judge told the jurors, as a part of his general charge, that he had not intended by anything he had said or done, or by any question he had asked, to intimate or suggest what the facts might be, and if *anything he had said or done seemed to so indicate,* the jurors were to disregard that intimation and form their own opinion in the premises. This admonition expressly and adequately dispelled any basis for belief that, in conducting the subject interrogations, he was advocating a finding against appellant.

■ The jurors trying this case considered it for two days before arriving at a verdict. In the course of their consideration they returned to court and asked for further instructions with respect to the meaning of the term "sexual psychopath." In response thereto the trial judge advised them that he would reread the instructions theretofore given and then would try to clarify them. Pursuant thereto he repeated, in substance, the definition of a sexual psychopath as contained in section 5500 of the Welfare and Institutions Code, *and commented upon some of the testimony in the case.* Appellant contends that some of the phraseology used by the judge in his comments misstated the issue; was argumentative in tenor; and indicated that in his opinion a failure to find appellant to be a sexual psychopath, in effect, would condone the conduct giving rise to the offense to which the latter had pleaded guilty. When considered as a whole, the comments of the trial judge are not subject to the objection urged by appellant. Of significance is the fact that in his general charge to the jury the judge cautioned them that he did not intend to intimate or suggest what the facts were, and that if he had said or done anything which would so indicate the jurors were to disregard such intimation and form their own opinion about the matter. Upon retiring, after making their request for additional instructions, by stipulation of counsel, the jurors were permitted to take with them to the jury room all of the written instructions given by

the court. One of the instructions had been read from a book; was not readily available; and, for this reason, the jurors were told that a copy of this instruction would be given them forthwith. The instruction in question was the one heretofore noted, which admonished the jury to form its own opinion in the premises regardless of the judge's comments. Thus, perforce the aforesaid circumstances, the attention of the jury was particularly directed thereto.

█ Included within the written instructions defining the term "sexual psychopath," which previously had been submitted to the jury, was the following:

A sexual psychopath, as the term is defined in section 5500 of the Welfare and Institutions Code of this state, as now in force, means a person who is affected in a form predisposing to the commission of sexual offenses, and in a degree constituting him a menace to the health and safety of others, with any of the following conditions: (a) Mental disease or disorder, (b) Psychopathic personality, (c) Marked departures from normal mentality.

"*Consequently*, before you may find that the Respondent is a sexual psychopath you must be convinced by a preponderance of the evidence that "(1) Respondent is affected with a mental disease or disorder or a psychopathic personality, or marked departures from normal mentality; and (2) that he is affected in a form predisposing him to the commission of sexual offenses; and (3) he is affected in a degree constituting him a menace to the health or safety of others." (Italics ours.)

The foreman of the jury referred to this instruction; said that the part thereof after the word "*Consequently*" was not clear; and inquired whether all three of the provisions following that word "had to apply." Thereupon, the court reviewed the various elements contained within that part of the instruction heretofore quoted. The language used in making this review was related to the written instruction previously read and, through it, the jurors were told that before they could find appellant was a sexual psychopath they must be convinced by a preponderance of the evidence that he was affected with a mental disease or disorder or psychopathic personality or marked departures from normal personality; "just one of those"; that "he is affected in a form predisposing to the commission of sexual offenses, and I would say that had to go with the rest of them, *and* is affected in a degree constituting a menace to the health or

safety of others; that has to go with the rest of them."
(Italics ours.)

Appellant contends that the court did not clarify the instruction as requested; did not clearly indicate that a person was not a sexual psychopath unless all three of the numbered elements set forth in the written instruction were found to exist; and that the judgment should be reversed for this reason.

We conclude that the comments of the court when related to the written instruction which the jury had in its possession satisfactorily indicated the requirement of the law that the three elements in question must be found to exist before a person could be declared to be a sexual psychopath. The refusal of the court to give further instructions on this point was not error. The jury made no request for further clarification. Undoubtedly it would have done so if the court's further instruction had not satisfied its request.

The judgment is affirmed. The attempted appeal from the order denying the motion for a new trial is dismissed.

Griffin, P. J., and Brown (Gerald), J., concurred.