[No. E007798. Fourth Dist., Div. Two. Dec. 19, 1991.]

DAVID HOLT, Cross-defendant and Appellant, v.
JOHN BOOTH, Cross-complainant and Respondent.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of section V.

COUNSEL

Rivers J. Morrell III, Belcher, Henzi & Biegenzahn and Raymond E. Hane III for Cross-defendant and Appellant.

Butterwick, Babcock, O'Laughlin & Bright, John F. O'Laughlin and Elizabeth Helene Adamson for Cross-complainant and Respondent.

OPINION

TIMLIN, J.—The primary issue raised on appeal by the appellant (Holt) in this case is whether he was acting within the course and scope of his employment by respondent (Booth) when he (Holt) negligently injured a third party. We will conclude that there is sufficient evidence to support the judgment entered below to the effect that Holt was not acting within the course and scope of his employment at the time of his accident. Before reaching that issue of substantive law, however, it is necessary to address issues of appealability and standing which are raised by the procedural posture of the case.

FACTS

During the latter portion of 1985, Booth operated a chain of four video rental stores under the fictitious business name of Video Depot. The stores were located in Cathedral City, Indian Wells, Indio and Palm Springs. The stores were normally open to the public from 10 o'clock in the morning to 8 o'clock in the evening from Monday through Saturday, and from 12 o'clock noon to 6 o'clock in the evening on Sundays.

Holt was first hired by Booth to be a counter clerk in the Palm Springs store. In November 1985, Holt was promoted to the position of a "manager in training" and was assigned to the Cathedral City store. As a manager in training, Holt was responsible (if not exclusively, at least in part) for housekeeping duties, staff scheduling and customer relations at the Cathedral City store. Additionally, Holt, as a manager in training, was required to attend regular biweekly managers' meetings held in Booth's central office, which office was located at the Indian Wells store.

All managers and managers in training were required to attend these biweekly managers' meetings. The meetings were normally held on alternating Thursdays at 9 o'clock in the morning. Occasionally, to accommodate a

holiday, the meeting would be held on a different day of the week. The purpose of the meetings was to discuss general business matters. Holt considered attendance at the managers' meetings to be a part of his normal employment duties and to be a part of his job description.

On the morning of Friday, December 27, 1985, Holt was en route from his home in Palm Springs to a managers' meeting at the Indian Wells store when he negligently ran into the back of a vehicle which was being driven by one Wade Ritchie (Ritchie).

Ritchie and his wife brought an action sounding in negligence against Holt and against Booth (doing business as Video Depot) for the damages resulting from the vehicle accident.[1] For all practical purposes, Booth was named as a defendant solely under the theory of respondeat superior. Booth thereafter filed a cross-complaint against Holt for comparative indemnity and declaratory relief. Holt answered the cross-complaint.

Following a trial on the complaint, the jury returned a special verdict, which verdict found: (1) That Holt was liable to Ritchie in the sum of $65,000; (2) that Holt was liable to Ritchie's wife in the sum of $10,000; and (3) that at the time of the accident Holt was not acting in the course and scope of his employment by Booth. Holt timely filed a motion for judgment notwithstanding the verdict with the trial court, attacking the jury's determination that his actions at the time of the accident had been outside the course and scope of his employment with Booth. The trial court denied the motion and entered judgment in accordance with the jury's special verdict.

Holt filed a notice of appeal that purported to give notice of an appeal from the jury's special verdict, the denial of the motion for judgment notwithstanding the verdict and the judgment itself.

On appeal, Holt contends that the facts surrounding his employment by Booth establish, as a matter of law, that he was acting within the course and scope of his employment by Booth at the time of the accident. In response, and in addition to merely offering a counterargument to Holt's position on the issue of the course and scope of employment, Booth contends that Holt lacks standing as an "aggrieved" party to bring the within appeal. In the discussion which follows, we will conclude that: (1) It is necessary to exercise our inherent judicial power to "complete" the judgment entered below so as to produce a final judgment over which this court can exercise

---

[1] It would be an understatement to call the history of the pleadings in the Ritchie action "tortuous." Notwithstanding the convoluted history of the pleadings, however, the simplified rendition herein is sufficient for our purposes on appeal.

appellate jurisdiction; (2) Holt is an aggrieved party insofar as his appeal from the judgment entered below (as "completed" by this court) is concerned; (3) Holt is not an aggrieved party insofar as his appeal from the trial court's denial of his motion for judgment notwithstanding the verdict is concerned; and (4) the judgment is correct and should be affirmed.

Additional facts will be referred to, as needed, in the discussion which follows.

DISCUSSION

I.

### WHAT IS APPEALABLE, AND WHAT IS NOT

Holt purports to have appealed from the judgment entered below, from the trial court's denial of his motion for a judgment notwithstanding the verdict and from the special verdict itself.

We are aware of no authority which would support an appeal from a special verdict—or from any other kind of verdict, for that matter. (*Robins* v. *Weis* (1950) 97 Cal.App.2d 144 [217 P.2d 156].) ■ Denials of motions for a judgment notwithstanding the verdict are expressly made appealable by section 904.1, subdivision (d) of the Code of Civil Procedure[2]—so long as the party taking the appeal is "aggrieved" by the denial (§ 902).[3] ■ Finally, section 904.1, subdivision (a) authorizes appeals from final judgments (judgments that are not "interlocutory")—again, so long as the party taking the appeal is aggrieved.

In this case, then, it is clear that Holt can bring his appeal before us only if the judgment entered below is (or is made) "final," and Holt is aggrieved thereby, and/or Holt is aggrieved by the trial court's denial of his motion for a judgment notwithstanding the verdict.

II.

### HOLT IS NOT "AGGRIEVED" BY THE DENIAL OF HIS MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Holt's motion for a judgment notwithstanding the verdict was brought in the lawsuit which was filed by the Ritchies against Holt and Booth as joint

---

[2] Unless otherwise indicated, all statutory citations refer to the Code of Civil Procedure.

[3] Section 902 provides, in pertinent part: "Any party aggrieved may appeal in the cases prescribed in this title."

tortfeasors.[4] In substance, the motion challenged the correctness of the jury's determination that Holt had not been acting within the course and scope of his employment by Booth at the time of the accident—that is, the substance of Holt's motion was a challenge to the exoneration of Booth from a joint tortfeasor's liability to the Ritchies. ██ ██ ██ It is well settled in California, however, that the exoneration of a joint tortfeasor from liability does not "aggrieve" the other individually liable tortfeasor(s) insofar as that word is understood to apply to a party's standing to appeal.[5] (See, e.g., *Cook* v. *Superior Court* (1969) 274 Cal.App.2d 675, 679 [79 Cal.Rptr. 285]: "A defendant who is individually liable is not aggrieved by the exoneration, even though erroneous, of a codefendant." See also, *Guy F. Atkinson Co.* v. *Consani* (1963) 223 Cal.App.2d 342 [35 Cal.Rptr. 750].)

 Holt argues that he *is* aggrieved by Booth's exoneration because such exoneration deprives Holt of any indemnification he might have been entitled to from Booth pursuant to section 2802 of the Labor Code: "An employer shall indemnify his employee for all that the employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions believed them to be unlawful."[6] Holt's argument must fail, however, in the face of the long-established authority that an individually liable tortfeasor is not aggrieved by the exoneration of a joint tortfeasor even when that exoneration defeats what would otherwise be an actionable cause for contribution. (See, inter alia, *Cook* and *Guy F. Atkinson Co., supra.*)

Holt has no standing as an "aggrieved" party to appeal from the trial court's denial of his motion for a judgment notwithstanding the verdict.

---

[4]In this case, the "jointness" of Booth's liability to that of Holt's was asserted on the basis of the employer/employee relationship which existed between Booth and Holt—that is, Booth's liability to the Ritchies was asserted under the theory of respondeat superior. (See the general discussion of this theory of vicarious liability in *Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 208-210 [814 P.2d 1341].)

[5]There is no question in this case of Holt's independent and individual liability to the Ritchies. As is often the case, Witkin has stated the rule most succinctly: "An agent or employee is always liable for his own torts, whether his employer is liable or not. [Citations.]" (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 32, p. 93.)

[6]This statutory provision has received a judicial interpretation which would seem to bring it squarely within the subject matter of the dispute at hand: "We have no doubt that Labor Code section 2802 requires an employer to defend or indemnify an employee who is sued by third persons for conduct in the course and scope of his employment." (*Douglas* v. *Los Angeles Herald-Examiner* (1975) 50 Cal.App.3d 449, 461 [123 Cal.Rptr. 683]; but see, *Grissom* v. *Vons Companies, Inc., ante,* p. 52 [1 Cal.Rptr.2d 808].)

## III.

### THE "FINALITY" OF THE JUDGMENT APPEALED FROM

As noted above, section 904.1, subdivision (a) authorizes appeals only from final judgments—that is, judgments which are not "interlocutory."[7] However, "[j]udgment rendered on a complaint alone, unaccompanied by judgment on a pending cross-complaint, is not a final judgment and appeal from it may be dismissed on motion." (*Tsarnas* v. *Bailey* (1960) 179 Cal.App.2d 332, 337 [3 Cal.Rptr. 629].) That appears to be the state of affairs facing this court in the instant appeal. Insofar as the record discloses, no judgment was ever entered on the cross-complaint filed by Booth against Holt for indemnification and declaratory relief.

Notwithstanding all of the above, the *Tsarnas* opinion (*supra*) provides a method whereby to "complete" or "finalize" such judgments as the one here appealed from, thus perfecting the appeal and permitting the reviewing court to reach the merits of the matter. As stated in *Tsarnas* (at p. 337): "[T]he [appellate] court may, in its discretion, where the intention of the trial court was clear, order judgment rather than send the case back for the performance of that act."

Given the fact that the jury so clearly found Holt's actions to be outside the course and scope of his employment with Booth (reference, the special verdict), given the fact that the trial court so clearly expressed its decision that the jury's verdict had been correct on the matter in issue (reference, the denial of the motion for judgment notwithstanding the verdict), and given the fact that these determinations by the jury and trial court so clearly dispose of all issues raised by Booth's cross-complaint, we do hereby order judgment on the cross-complaint in favor of Booth and against Holt to the following effect: (1) The cause of action for indemnification is dismissed as moot in light of the determination that the sole ground asserted for Booth's liability to the Ritchies, respondeat superior, was found not to exist; and (2) Booth is declared to have no duties or obligations extending in favor of Holt and arising out of the subject matter of the Ritchie action.

Having ordered judgment on Booth's cross-complaint, the judgment before us is now "final" as that concept is understood under section 904.1, subdivision (a). Further, we deem Holt's notice of appeal to relate to the entirety of the judgment now brought before us on appeal.

---

[7]Both statutory law and decisional law recognize a few, limited exceptions to this general rule, but none of those exceptions apply in this case.

IV.

HOLT'S STANDING TO APPEAL FROM THE
"FINAL" JUDGMENT ENTERED HEREIN

■ Holt is "aggrieved" by the judgment entered against him on the declaratory relief cause of action of the cross-complaint brought by Booth. The judgment entered on the cross-complaint denies the existence of any duties or obligations extending in Holt's favor from Booth and arising out of the subject matter of the Ritchie action. The rule stating that an individually liable party is not aggrieved by the exoneration of jointly liable codefendants does not apply in this context—because, quite simply, the judgment entered on the cross-complaint was not entered against multiple cross-defendants and did not assess any specific liability against a cross-defendant.

Given Holt's "aggrieved" status under the judgment entered on the cross-complaint, Holt has standing to assert an appellate challenge to the determination reached below that he was not acting within the course and scope of his employment by Booth at the time of his accident with Ritchie.[8]

V.

THE COURSE AND SCOPE OF HOLT'S EMPLOYMENT
SUFFICIENCY OF THE EVIDENCE*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[8]Before moving ahead to discuss the underlying substantive issue of law presented by this case, we think it worthwhile to make these final observations concerning the procedural aspects of the case:

(1) Holt's standing to challenge the "course and scope" issue on appeal was preserved in this case by happenstance. If Booth had not filed a cross-complaint containing a cause of action seeking declaratory relief, and assuming no other changes in the procedural posture of the matter, Holt would not have had standing to pursue the "course and scope" issue on appeal. Employers might well wish to consider the possibly negative implications of filing "broad brush" cross-complaints against their employees in cases such as this one.

(2) Holt, on the other hand, could have assured his standing to appeal on the "course and scope" issue in this case by timely filing a cross-complaint of his own against Booth seeking declaratory relief on that issue. Employees might well wish to consider the possibly beneficial implications of filing such cross-complaints against their employers in cases such as this one.

*See footnote, *ante*, page 1074.

## DISPOSITION

The judgment entered below (as "finalized" herein) is affirmed in full.

Dabney, Acting P. J., and McKinster, J., concurred.