In re: WESTERN STATES WHOLE-SALE NATURAL GAS ANTI-TRUST LITIGATION

A.L. Gilbert Company, a California corporation, on its own behalf and on behalf of all others similarly situated, Plaintiff,

v.

Coral Energy Resources, L.P., et al., Defendants.

No. MDL 1566.
Nos. CVS041431PMP, CVS031434PMP, CA 3032949.

United States District Court, D. Nevada.

Nov. 18, 2004.

See, also, 346 F. Supp.2d 1123, 2004 WL 2725046.

Walter J. Lack, Engstrom, Lipscomb & Lack, Los Angeles, CA, for Haleema Silverman, Michael Silverman, Lynette Stevenson. Tom Stevenson, Team Design dba Timothy Engeln, Inc.

R. Alexander Saveri, Saveri & Saveri, Inc., San Francisco, CA, for Shanghai 1930 Restaurant Partners, L.P.

Clinton P. Walker, Damrell, Nelson, Schrimp, Pallios, Pacher & Selva, Modesto, CA, for A.L. Gilbert & Co.

Daniel J. Mulligan, Jenkins & Mulligan, San Francisco, CA, for Oberti Wholesale Foods, Inc.

William H. Parish, Parish & Small, Stockton, CA, for Craig Podesta.

Dennis Stewart, Hulett Harper Stewart Ixp, San Diego, CA, for Texas–Ohio Energy, Inc.

Daniel C. Girard, Girard Gibbs & De Bartolomeo LLP, San Francisco, CA, for David C. Brown.

Reginald Terrell, Terrell Law Group, Richmond, CA, for Lois The Pie Queen.

Barry R. Himmelstein, Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA, for H & M Roses, Inc.; Uyeda, Laurence.

Brad N. Baker, Baker, Burton & Lundy, Hermosa Beach, CA, for Team Design.

G. Mark Albright, Albright, Stoddard, Warnick & Palmer, P.C., Las Vegas, MDL 1566 Liason Counsel Plaintiffs.

Joseph W. Cotchett, Cotchett, Pitre, Simon & Mccarthy, Burlingame, CA, for City of Los Angeles Department of Water and Power.

Gregory J. Copeland, Baker & Botts, Houston, TX, for Reliant Energy Services, Inc., Reliant Energy, Inc., Reliant Resources, Inc. and Kathleen Zanchoni.

Joel B. Kleinman, Dickstein Shapiro Morin & Oshinsky LLP, Washington, DC, for Duke Energy Corporation, Duke Energy Field Services, Inc., Duke Energy North America, LLC and Duke Energy Trading and Marketing, L.L.C.

Richard P. Levy, Gibson, Dunn & Crutcher, LLP, Los Angeles, CA, for Sempra Energy.

Robert A. Sacks, Sullivan & Cromwell LLP, Los Angeles, CA, for EnCana Corp. and WD Energy Services, Inc.

Mark E. Haddad, Sidley Austin Brown & Wood LLP, Los Angeles, CA, for CMS Energy Corporation.

Diane E. Pritchard, Morrison & Foerster LLP, San Francisco, CA, for El Paso Corporation.

Joshua D. Lichtman, Fulbright & Jaworski, LLP, Los Angeles, CA, for Coral Energy Resources, L.P.

John L. Hendricks, Akin Gump Strauss Hauer & Feld LLP, Dallas, TX, for Centerpoint Energy Inc.

Alan Yudkowsky, Stroock & Stroock & Lavan LLP, Los Angeles, CA, for Sempra Energy Trading Corp.

Jonathan Abram, Hogan & Hartson LLP, Washington, DC, for American Electric Power, Inc.

Douglas Tribble, Pillsbury Winthrop LLP, San Diego, CA, for Dynegy Inc. and West Coast Power LLC.

Michael C. Lieb, Morgan, Lewis & Bockius LLP, Los Angeles, CA, for Xcel Energy, Inc.

## ORDER

PRO, Chief Judge.

Presently before this Court is Plaintiffs' Motion to Remand (CV–S–03–1434–PMP (PAL), Doc. # 12) filed on July 29, 2003. Defendants filed a Joint Consolidated Opposition to Motion for Remand (CV–S–03–1431–PMP (PAL), Doc. # 20), as well as a Supplemental Joint Opposition and Points and Authorities in Opposition to Motion for Remand (CV–S—3–1431–PMP (PAL), Doc. # 21) on February 6, 2004. Plaintiff filed a Reply (CV–S–03–1431–PMP (PAL), Doc. # 25) on February 27, 2004.

## I. BACKGROUND

These cases arise out of the California energy crisis of 2000–2001. During that time, the California energy and natural gas markets became mutually dysfunctional, and, feeding off each other spiraled into a statewide energy crisis. Amendments to

Blanket Sales Certificates, 68 Fed.Reg. 66323, 66325 (Nov. 17, 2003) (to be codified at 18 C.F.R. § 284.288). The Federal Energy Regulatory Commission ("FERC") undertook a fact finding investigation of the market crisis in which they concluded, "[S]pot gas prices rose to extraordinary levels, facilitating the unprecedented price increase in the electricity market." *Id.* FERC concluded the dysfunctions in the natural gas market stemmed from efforts to manipulate price indices compiled by private trade publications, including reporting of false data and wash trading.[1]

Plaintiffs originally filed suit in Superior Court of California in and for Alameda County. Defendants removed this case to United States District Court for the Northern District of California. On November 6, 2003 the Judicial Panel on Multidistrict Litigation entered a Transfer Order pursuant to 28 U.S.C. § 1407 centralizing the foregoing action with similar actions in this Court for coordinated or consolidated pretrial proceedings.

In this litigation, Plaintiff sues Defendants in the State of California seeking to recover damages on behalf of natural gas rate payers. In the original Complaint, Plaintiff alleges Defendants took part in anti-competitive activities with the intent to manipulate and artificially increase the price of natural gas for consumers. Plaintiff alleges Defendants' actions were in violation of the State of California's Cartwright Act (Cal. Bus. & Prof.Code §§ 16720 et. seq.), the California Unfair Competition Laws (Cal. Bus. & Prof.Code §§ 17200 et. seq.), and the common law.

Defendants removed to this action to Federal Court claiming both federal question and diversity jurisdiction. This Court will address Plaintiff's Motion to Remand regarding federal question jurisdiction in a separate order. Before the Court are the parties' briefs separately analyzing whether removal based on diversity jurisdiction is proper in *A.L. Gilbert Co. v. Coral Energy Resources, L.P., et al.,* CV–S–03–1434–PMP (PAL). On February 6, 2004, Defendants filed Defendants' Supplemental Joint Opposition Points and Authorities in Opposition to Motion for Remand (Doc. # 21). On February 27, 2004, Plaintiff A.L. Gilbert Co. filed a Reply to Defendants' Supplemental Joint Opposition and Points and Authorities in Opposition to Motion for Remand (Doc. # 25). After Plaintiff argued Defendants could not establish the requisite amount in controversy, Defendants filed Defendants' Motion for an Order Permitting Discovery of Plaintiff on Amount in Controversy and Memorandum in Support (Doc. # 28) on March 12, 2004. Plaintiff filed Plaintiff A.L. Gilbert's Opposition to Defendants' Motion for Order Permitting Discovery of Plaintiff on Amount in Controversy (Doc. # 34) on March 26, 2004. Defendants filed a Reply Memorandum in Support of Defendants' Motion for Order Permitting Discovery from Plaintiff of Amount in Controversy in *A.L. Gilbert Co. v. Coral Energy Resources, L.P., et al.;* Declarations of Michael Nason and Joshua D. Lichtman.

## II. DISCUSSION

Defendants argue that irrespective of federal question jurisdiction, removal is proper in *A.L. Gilbert Co. v. Coral Energy*

---

1. "A 'wash trade' is a prearranged pair of trades of the same good between parties, resulting in no net change in ownership. It creates an illusion of a more liquid and active market and it helps bolster false trading revenue figures." Federal Energy Regulatory Commission, *Commission Revoked Enron's Market–Based Rate Authority, Blanket Gas Certificates Terminated,* (June 25, 2003), *at* http://www.ferc.gov/press–room/pr–archives/2003/2003–2/06–25–03_enron.pdf.

*Resources, L.P., et al.,* CV–S–03–1434–PMP (PAL) based on diversity jurisdiction. Defendants claim that all properly joined Defendants are diverse with Plaintiff, and the amount in controversy requirement has been satisfied. Defendants contend that although the Complaint names one non-diverse Defendant, Plaintiff fraudulently joined that Defendant to defeat diversity. Plaintiff responds it properly joined all Defendants. Plaintiff also claims Defendants have failed to establish the requisite amount in controversy.

Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001).

■ An exception to the complete diversity requirement occurs where the plaintiff fraudulently joins a non-diverse defendant. *Id.* Fraudulently joined defendants will not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998). Joinder is fraudulent, and the non-diverse defendant's presence in the lawsuit is ignored for purposes of determining diversity, if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*

The party asserting federal jurisdiction bears the burden of establishing the join-

der of the non-diverse plaintiff was fraudulent. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988). The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Ritchey,* 139 F.3d at 1318 (quotation omitted). Courts construe the removal statute strictly against removal jurisdiction. *Hofler v. Aetna U.S. Healthcare of Cal., Inc.,* 296 F.3d 764, 767 (9th Cir.2002). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

■ Plaintiff A.L. Gilbert Co. is a California corporation with its principle place of business in California. (Notice of Removal (Doc. # 1), Ex. A, First Am. Compl. at ¶¶ 1, 9.) All Defendants are diverse from Plaintiff except for Brian Bates, the Director of Origination for Defendant Coral Energy Resources, L.P. ("Coral") (*Id.* ¶¶ 10–18.) Bates is a California citizen. (*Id.* ¶ 11.) If Bates is properly joined, this Court lacks subject matter jurisdiction because Bates, like Plaintiff, is a California citizen and, thus, complete diversity of citizenship would be lacking. Therefore, unless Defendants can show Bates is not a properly joined Defendant, removal is inappropriate and the Court must remand.

Defendants first argue Bates' joinder is fraudulent because Bates' job duties would not have included the conduct upon which Plaintiff's Complaint is based. Defendants present the affidavit of Rand Havens, General Manager, Origination, of Coral. (Defs.' Supplemental Joint Opposition and P. & A. in Opp'n to Mot. for Remand, Ex. 7, Decl. of Rand Havens in Supp. of Defs.' Supplemental Joint Opp'n to Mot. for Remand at ¶ 1.) Havens was Bates' supervisor at Coral. (*Id.* at ¶ 2.) According to Havens, Bates' duties involved "direct sales of natural gas to end users, *i.e.,* to

consumers." (*Id.* (emphasis omitted).) Havens avers that Bates' job duties at Coral did not include making trades between marketers or reporting prices to index publishers. (*Id.* at ¶¶ 3–4.) Defendants thus argue that Bates would not have been involved in either wash trades or false reporting to price index publishers.

Defendants' argument on this point is no more than a factual dispute as to whether Bates engaged in wash trades or false reporting, and does not establish Plaintiff obviously fails to state a cause of action against Bates. First, Defendants' evidence does not state that Bates in fact did not engage in wash trades or price reporting, it states only that Bates' job duties did not involve those activities. Bates could have engaged in activities not specifically assigned to him in his job description at Coral. Furthermore, even if Bates himself submitted an affidavit claiming he did not engage in these activities, that would establish only a factual dispute as to whether Bates participated in wash sales and false price reporting. A defendant's denial that he engaged in the conduct of which the plaintiff complains does not establish the plaintiff fails to state a cause of action against that defendant.

■ Defendants next argue Bates cannot be liable personally for his actions at Coral because those actions were taken on behalf of his employer and not for his personal benefit. Defendants contend that under California law, "when an employee or agent acts on behalf of the employer or principal, rather than for the employee's own personal advantage, and the employee acts in his or her capacity as an employee, the employee cannot be held individually liable." (Defs.' Supplemental Joint Opposition and P. & A. in Opp'n to Mot. for Remand at 5.)

California has adopted a "manager's or agent's privilege" which protects an agent from individual liability for acts taken on behalf of his employer or principal, unless the agent or employee acts as a dual agent or unless he acts for his own personal advantage. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir.2003); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987); *Huynh v. Vu*, 111 Cal.App.4th 1183, 4 Cal.Rptr.3d 595, 604–09 (2003); *Aalgaard v. Merch. Nat. Bank, Inc.*, 224 Cal.App.3d 674, 683–684, 274 Cal.Rptr. 81 (Cal.App.3d Dist.1990). The California cases applying this privilege generally have applied it in three specific contexts: (1) insurance agents cannot be personally liable for acts done within the scope of their agency relationship; (2) employees cannot be personally liable for wrongful discharge or interference with contractual relations so long as the discharge or contractual interference was done on behalf of the employer and not for the employee's personal advantage; and (3) the agents of a corporation cannot conspire with their corporate principal where they act in their official capacities on behalf of the corporation, and not as individuals for their individual advantage.[2]

---

2. *See, e.g. Mercado*, 340 F.3d at 826 (insurance agent for disclosed principal not personally liable for acts done on behalf of insurance company); *Icasiano v. Allstate Ins. Co.*, 103 F.Supp.2d 1187, 1189–1190 (N.D.Cal.2000) (same); *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 808 (N.D.Cal.1998) (same); *McCabe*, 811 F.2d at 1339 (managers not personally liable for wrongful discharge where managers acted on behalf of employer); *Graw v. Los Angeles County Metro. Transp. Auth.*, 52 F.Supp.2d 1152, 1154–55 (C.D.Cal.1999) (manager's privilege to interfere with principal's contractual relations); *Huynh*, 4 Cal. Rptr.3d at 604–09 (describing manager's privilege as agent's privilege to induce principal to breach third party contract where breach would further principal's interests); *Aalgaard*,

Juxtaposed to this authority is general California statutory and case law holding agents liable for their own wrongful acts even if done on behalf of a principal. *See, e.g.,* Cal. Civ.Code § 2343 ("One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency ... [w]hen his acts are wrongful in their nature."); *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,* 107 Cal.App.4th 54, 68, 131 Cal.Rptr.2d 777 (Cal.App. 2 Dist. 2003) ("An agent or employee is always liable for his own torts, whether his employer is liable or not.... In other words, when the agent commits a tort, such as ... fraud ..., then ... the agent [is] subject to liability in a civil suit for such wrongful conduct.") (quotations and internal citations omitted). According to the California Supreme Court, "[t]he true rule is, of course, that the agent is liable for his own acts, regardless of whether the principal is liable or amenable to judicial action." *Frances T. v. Village Green Owners Ass'n,* 42 Cal.3d 490, 229 Cal.Rptr. 456, 723 P.2d 573, 581 (1986).[3]

The Court cannot say it is obvious according to settled California law that Plaintiff cannot state a claim against Bates. California's application of the manager's privilege has been "neither clear nor consistent" and involves a "knot of authority." *Huynh,* 111 Cal.App.4th at 1195, 4 Cal.Rptr.3d 595; *Aalgaard,* 224 Cal. App.3d at 685, 274 Cal.Rptr. 81. Whether California would apply such a privilege in these circumstances is uncertain. Gener-

ally, California law holds agents liable to third parties for their own wrongful acts. The First Amended Complaint alleges Bates conspired with others and entered into illegal agreements to reduce competition and raise prices, and fraudulently represented prices were set fairly when in fact those prices were inflated. (First Am. Compl. at ¶¶ 49–60.) The First Amended Complaint alleges Bates was "directly responsible for much of the illegal activity complained of," and sues Bates as an individual participant, aider and abettor, and co-conspirator. (*Id.* ¶¶ 4, 20, 22.) Thus, the First Amended Complaint alleges Bates' conduct was wrongful, and seeks to hold him liable for his own participation in those wrongful acts.

Additionally, Bates' alleged conduct does not fall within any of the more clearly delineated applications of the manager's privilege. Bates was not an insurance agent. Plaintiff does not assert against Bates wrongful discharge or interference with contractual relations. And although Plaintiff alleges Bates conspired with his employer, Plaintiff also alleges Bates and Coral conspired with other entities outside the employer/employee relationship. According to the Complaint, Bates and Coral conspired with Defendants EnCana Corporation, EnCana Energy Services, Inc., Duke Energy Corporation, Duke Energy North America, Duke Energy Trading and Marketing, L.L.C., and Duke Energy Field Services, Inc. (First Am. Compl. at ¶¶ 10–22.)

---

224 Cal.App.3d at 683–684, 274 Cal.Rptr. 81 (manager's privilege to induce breach of principal's contract); *Shekhter v. Seneca Structural Design, Inc.,* 18 Cal.Rptr.3d 83, 96 (Cal. App.2d Dist.2004) (corporate agent cannot conspire with corporation).

**3.** *See also Michaelis v. Benavides,* 61 Cal. App.4th 681, 685–86, 71 Cal.Rptr.2d 776 (Cal. App.2d Dist.1998); *Holt v. Booth,* 1 Cal.

App.4th 1074, 1080 n. 5, 2 Cal.Rptr.2d 727 (Cal.App.4th Dist.1991); *Bayuk v. Edson,* 236 Cal.App.2d 309, 320, 46 Cal.Rptr. 49 (Cal. App.3d Dist.1965); *Crawford v. Nastos,* 182 Cal.App.2d 659, 667, 6 Cal.Rptr. 425 (Cal. App.2d Dist.1960); *Stirnus v. Adams,* 50 Cal. App. 730, 734, 195 P. 955 (Cal.App.1st Dist. 1920).

Because it is not obvious under settled California law that the manager's privilege would bar Plaintiff's claims against Bates in the First Amended Complaint, Defendants have failed to meet their burden of establishing Plaintiff fraudulently joined Bates. Consequently, the Court will remand. Because Defendants cannot establish complete diversity, the Court need not consider the parties' arguments regarding the amount in controversy.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (CV–S–03–1434–PMP (PAL), Doc. # 12) with regard to diversity jurisdiction is hereby GRANTED.