Filed 3/4/26  Piltan v. Novell CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT
### DIVISION EIGHT

| | |
|---|---|
| BABAK PILTAN,<br><br>     Plaintiff, Cross-defendant, and Respondent,<br><br>     v.<br><br>MARIO NOVELL,<br><br>     Defendant, Cross-complainant, and Appellant. | B327357<br><br>Los Angeles County<br>Super. Ct. No. 19STCV14650<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 2, 2026, be modified as follows:

The counsel listed for Defendant, Cross-complainant, and Appellant is deleted and replaced with the following: "Carter Law Firm and Corey Alan Carter for Defendant, Cross-complainant, and Appellant."

There is no change in the judgment.

_____

STRATTON, P. J.     VIRAMONTES, J.     SCHERB, J.

Filed 3/2/26  Piltan v. Novell CA2/8 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BABAK PILTAN,<br><br>     Plaintiff, Cross-defendant, and Respondent,<br><br>          v.<br><br>MARIO NOVELL,<br><br>     Defendant, Cross-complainant, and Appellant. | B327357<br><br>Los Angeles County<br>Super. Ct. No. 19STCV14650 |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Appeal dismissed.

Carter Law Firm and Corey Alan Carter Law Offices of William B. Hanley and William B. Hanley for Defendant, Cross-complainant, and Appellant

Joseph A. Hearst for Plaintiff, Cross-defendant, and Respondent.

_____

On February 21, 2023, appellant Mario Novell filed a notice of appeal from the trial court's order denying his motion for attorney fees. Novell indicated on the notice of appeal that the appeal is from an "order after judgment under Code of Civil Procedure, § 904.1(a)(2)"—i.e., an order made after an *appealable* judgment.

In Novell's civil case information sheet filed March 27, 2023, once more Novell asserted the appeal is from "an order after judgment under Code Civ. Proc., § 904.1(a)(2)." However, he left blank item 1(b) on the form, which asks: "Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?"

The record reflects that Novell filed a first amended cross-complaint in the action on March 25, 2022, the adjudication of which is not reflected in the final judgment after jury trial. Indeed, in support of his arguments in the opening and reply briefs, Novell acknowledges and repeats that he "brought and never dismissed [his] cross-complaint." This raises the issue of whether the appeal is premature given Novell's pending first amended cross-complaint. "Where a complaint and cross-complaint involving the same parties have been filed, there is no final, appealable judgment until both have been resolved." (*ECC Construction, Inc. v. Oak Park Calabasas Homeowners Assn.* (2004) 122 Cal.App.4th 994, 1002 (*ECC*).) "A complaint and cross-complaint are treated as independent actions for most purposes, except with respect to the requirement of one final judgment." (*Westamerica Bank v. MBG Industries, Inc.*

2

(2007) 158 Cal.App.4th 109, 132; see *Rethers v. Rethers* (1956) 140 Cal.App.2d 28, 30.) "Judgment rendered on a complaint alone, unaccompanied by judgment on a pending cross-complaint, is not a final judgment, and appeal from it may be dismissed on motion." (*Tsarnas v. Bailey* (1960) 179 Cal.App.2d 332, 337; *Holt v. Booth* (1991) 1 Cal.App.4th 1074, 1081; *Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1, 6.) Thus, a judgment which resolves a complaint but does not resolve a cross-complaint pending between the same parties, is not final and not appealable, even if the complaint has been fully adjudicated. (*Westamerica Bank*, at p. 132; *Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 698 (*Angell*); *Southern Pacific Land Co. v. Westlake Farms, Inc.* (1987) 188 Cal.App.3d 807, 825–826.)

In more detail, our review of the record establishes the following:

On February 8, 2021, plaintiff and respondent Babak Piltan filed his second amended complaint. On March 25, 2022, Novell filed a first amended cross-complaint alleging three causes of action, including one for breach of the parties' settlement agreement and general release executed in a prior case. Ten days later, on April 4, 2022, trial by jury began. The jury was asked to complete a special verdict form jointly created and submitted by the parties. The jury found that Piltan "agree[d] to waive the protection of Civil Code section 1542 when he settled the prior case and accepted $80,000." The waiver issue was one of Novell's

3

affirmative defenses *and* the basis of Novell's cause of action in the first amended cross-complaint for breach of the settlement agreement. The special verdict form did not further address the causes of action in Novell's first amended cross-complaint; it only addressed the causes of action in Piltan's second amended complaint.

Neither did the May 27, 2022 judgment address the causes of action of Novell's first amended cross-complaint. It only provides, "[Piltan] take nothing in this action and that [Novell] recover from [Piltan] its costs of suit." The case register included in the record on appeal does not indicate that Novell's first amended cross-complaint was adjudicated or dismissed. The record includes no information as to the status of the first amended cross-complaint.

On February 11, 2026, we sent the parties a letter asking about the status of Novell's first amended cross-complaint. Novell's responsive letter, filed February 13, 2026, states that the cause of action for breach of the settlement agreement was "never dismissed" but the other two causes of action for breach of implied covenant and unjust enrichment "were dismissed at some point during trial, the exact time of which is uncertain." Novell contends in his responsive letter that "the main thing sought in the cross-complaint at trial was the same relief in the affirmative defense" and that they were "subsumed . . . into one due to their identical nature."

4

Piltan's responsive letter states a minute order dated April 14, 2022 (a minute order not part of the record provided to us on appeal) shows Novell dismissed the first amended cross-complaint's cause of action for breach of the implied covenant of good faith and fair dealing and the "record contains no indication that counsel for [Novell] ever requested that the trial judge take any action with respect to the cross-complaint."

The record on appeal does not support Novell's claim that the first amended cross-complaint's cause of action for breach of settlement agreement was argued and subsumed as part of the affirmative defense via the special verdict form's first question. A review of the reporter's transcript of the trial proceedings may have been helpful in that regard; however, we were given only a reporter's transcript for April 15, 2022 which includes the jury instructions and the parties' closing arguments. Novell's failure to procure an adequate appellate record that includes relevant documents from the court below, including minute orders from the trial dates and a reporter's transcript of the trial proceedings, precludes our review of any claim of error by the trial court in this regard. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; see *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [failure of appellant to include transcript of hearing foreclosed court's review of claim of error].)

We note caselaw allows us to find that the "technical presence of a cross-complaint does not violate the one final judgment rule" where it appears "the cross-complaint here was tried with the cause of action submitted to the jury, was necessarily abandoned or decided adversely to the [respondent], and was inadvertently omitted from the judgment." (*Stubblefield Construction Co. v. City of San Bernardino* (1995) 32 Cal.App.4th 687, 702, fn. 8.)

Here, however, the record provided to us in this case does not demonstratively establish any of those scenarios; it neither establishes that Novell's first amended cross-complaint has been resolved nor supports a finding under *Stubblefield*. We conclude the presence of the unresolved cross-complaint defeats appealability. (*Angell, supra*, 73 Cal.App.4th at p. 698.) As explained in *ECC*, under the one final judgment rule, " 'an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties.' [Citation.] Even if the various causes of action are tried separately or can be characterized as independent of one another, there can be no appeal taken until a final judgment that disposes of all causes of action is entered. [Citation.] [¶] Where a complaint and cross-complaint involving the same parties have been filed, there is no final, appealable judgment until both have been resolved." (*ECC, supra*, 122 Cal.App.4th at p. 1002.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


VIRAMONTES, J.


SCHERB, J.


7