Jeffrey A. LEVE, Jeffrey Leve Family Partnership L.P., a California limited partnership, also known as Jeff Leve Family Partnership, L.P., Plaintiffs–Appellants,

v.

FRANKLIN CAPITAL CORPORATION, a Delaware corporation, Sunshine Wireless, LLC, a foreign limited liability company, also known as Sunshine II LLC, Winstar Global Media Inc., a New York corporation, Winstar Radio Network LLC, a foreign limited liability company, Jon Goldman, an individual, Stuart Rekant, an individual, and on the Radio Broadcasting, a California corporation, Defendants–Appellees.

No. 04–5565.

United States Court of Appeals, Second Circuit.

June 1, 2005.

**4**

Hillel Chodos, Los Angeles, CA (Jonathan P. Wolfert, Kaplan Thomashower & Landau LLP, New York, NY, Jonathan P. Chodos, Los Angeles, CA, on the brief), for Appellants.

Steven Paradise, Vinson & Elkins LLP (Kevin C. Logue, Paul Hastings Janofsky & Walker LLP, on the brief), New York, NY, for Appellees Franklin Capital Corporation and Sunshine II LLC.

Jeff Sanders (Stephanie Finkelstein, on the brief), Seyfarth Shaw LLP, New York, NY, for Appellees Jon Goldman and Stuart Rekant.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants appeal from a dismissal of their suit, challenging orders of the district court dismissing fraud claims against defendants-appellees Franklin Capital Corporation ("Franklin") and Sunshine II LLC ("Sunshine") for failure to state a claim, and dismissing fraud claims against defendants-appellees Jon Goldman and Stuart Rekant pursuant to Federal Rule of Civil Procedure 56. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review de novo a district court's dismissal for failure to state a claim, taking all allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiffs. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts,* 369 F.3d 212, 217 (2d Cir.2004). When fraud is alleged, the complaint is required to state the circumstances of the fraud with particularity, although state of mind may still be stated generally. Fed. R.Civ.P. 9(b).

The complaint does not allege that Franklin or Sunshine made any misrepresentation that would support a fraud claim. To the extent that the complaint alleges that Franklin or Sunshine joined a conspiracy after the sale of On The Radio Broadcasting ("OTRB") was consummated, the claim fails, as the conspiracy was complete once the sale occurred. *See Kidron v. Movie Acquisition Corp.,* 40 Cal.App.4th 1571, 47 Cal.Rptr.2d 752, 767 (1995). *de Vries v. Brumback,* 53 Cal.2d 643, 2 Cal. Rptr. 764, 349 P.2d 532 (1960), is inapposite, as it addresses the tort of conversion, which continues for as long as any interference with a chattel exists, as opposed to fraud, which is complete once the misrepresentation is made and damage results. To the extent that the complaint alleges that Franklin and Sunshine joined a con-

---

* The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation.

spiracy before the OTRB sale, the complaint fails to allege that Franklin or Sunshine took any pre-sale act in furtherance of the conspiracy. Dismissal was therefore appropriate.

We review the district court's grant of summary judgment de novo. *See Steel Partners II, L.P. v. Bell Indus., Inc.*, 315 F.3d 120, 123 (2d Cir.2002). Summary judgment is appropriate only where, examined in the light most favorable to the nonmovant, the record shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

 California law is clear that an employee of a corporation cannot be liable for conspiring with that corporation. *Doctors' Co. v. Superior Court*, 49 Cal.3d 39, 45, 260 Cal.Rptr. 183, 775 P.2d 508 (1989). Consequently, neither Goldman nor Rekant can be held liable on a conspiracy theory. They may still be liable, however, for any fraud that they individually committed against Leve. *See* Cal. Civ.Code § 2343(3); *see also, e.g., Michaelis v. Benavides*, 61 Cal.App.4th 681, 71 Cal. Rptr.2d 776, 778—79 (1998). Here, after ten months of discovery, there remains no evidence that Goldman had any knowledge of the falsity of any of his statements in negotiating the OTRB sale. There is some speculative evidence suggesting that Rekant might have had such knowledge, but no evidence that Rekant made any misrepresentation to Leve. Rekant, of course, signed the contract containing the allegedly fraudulent promise, but did so solely and unambiguously as a representative of the corporation, not in any personal capacity. *See* Cal. Com.Code § 3402. Due to these failures to present issues of fact on necessary elements of the fraud claim, summary judgment for Goldman and Rekant was justified.

For the above reasons, we affirm the judgment of the district court.