Filed 1/19/22  Prime Care v. Nguyen Phat Real Estate Investment CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| PRIME CARE, INC., | B304910 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV12513) |
| v. | |
| NGUYEN PHAT REAL ESTATE INVESTMENT, LLC ET AL., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge. Affirmed.

Martin E. Jacobs and Martin E. Jacobs, Inc. for Plaintiff and Appellant.

Michael J. Shilub and Law Office of Michael J. Shilub for Defendants and Respondents.

_____

## *INTRODUCTION*

Plaintiff Prime Care, Inc. brought suit, alleging that defendants Nguyen Phat Real Estate Investment, LLC (Nguyen Phat), and Sam Ho misrepresented that the commercial property they leased to plaintiff was suitable for the operation of a cannabis business. Plaintiff appeals from a judgment of dismissal in favor of defendants after the trial court sustained their demurrers. Plaintiff argues the court erred in concluding the terms of the lease agreement absolved defendants of liability for their alleged negligence, fraud, negligent misrepresentation, rescission, and damages. Plaintiff also contends it should have been granted leave to amend. We affirm.

## *FACTS AND PROCEDURAL BACKGROUND*

### 1. *Lease Agreement*

On January 29, 2019, defendant Nguyen Phat agreed to rent plaintiff an industrial building located in Montebello, California. Defendant Sam Ho managed the Nguyen Phat company at the time.

The commercial lease stated that the agreed use of the premises was "Commercial Cannabis distribution, manufacturing, cultivation and retail delivery in accordance with all state and local licenses and laws." When plaintiff and Nguyen Phat entered into the lease, plaintiff had not obtained the City of Montebello's approval for the agreed use.

The lease contained the following provisions:

Paragraph 2.3: "NOTE: Lessee is responsible for determining whether or not Applicable Requirements, and especially the zoning are appropriate for Lessee's intended use, and

2

acknowledges that past uses of the Premise may no longer be allowed." (Bold in the original.)[1]

Paragraph 2.4: "Lessee acknowledges that . . . (b) it has been advised by Lessor and/or Brokers to satisfy itself with respect to the size and condition of the Premises (including but not limited to . . . compliance with Applicable Requirements . . .) and their suitability for Lessee's intended use. (c) Lessee has made such investigation as it deems necessary with reference to such matters and assumes all responsibility therefor as the same relate to its occupancy of the Premises . . . ."

An addendum to the lease: "51E) Licenses and permits – Prior to Lease execution, Lessee must satisfy itself of all permits and licenses needed with the City of Montebello and State of California in order to operate their business at the subject property. Lessee shall be responsible for all associated permits and licensing costs and shall provide Lessor copies of all permits."

Paragraph 22: "No Prior or Other Agreements; Broker Disclaimer. This lease contains all agreements between the Parties with respect to any matter mentioned herein, and no other prior or contemporaneous agreement or understanding shall be effective. Lessor and Lessee each represents and warrants to the Brokers that it has made, and is relying solely upon, its own investigation as to the nature, quality, character and financial responsibility of the other Party to this Lease and as to the use, nature, quality and character of the Premises."

After signing the lease, plaintiff paid a $150,000 deposit, advance rent, and other charges. Before plaintiff commenced

---

[1] The lease defines "Applicable Requirements" as the building codes, applicable laws, covenants or restrictions of record, regulations, and ordinances.

operations, the City of Montebello determined the property was not suitable for cannabis distribution because of its proximity to a residential area.

## 2. *Lawsuit*

On April 9, 2019 plaintiff sued Nguyen Phat, its manager, Sam Ho, and the brokers on both sides of the transaction. Claims against the brokers are not at issue in this appeal, and we do not discuss them.[2]

The original complaint alleged five causes of action: (1) negligence against Nguyen Phat and Ho; (2) fraud against Nguyen Phat; (3) negligent misrepresentation against Nguyen Phat; (4) rescission based upon fraud against Nguyen Phat; and (5) rescission based upon unilateral mistake against Nguyen Phat. A copy of the lease was attached as Exhibit 1 to the complaint. As to damages, plaintiff alleged that it had suffered "$8,000 in professional fees," and has or will expend another "$20,000 [ ] to obtain an extension of time to find another site as well as other expenditures inherent in the extension." In the rescission cause of action, plaintiff sought return of its $150,000 deposit with ten percent interest per annum.

## 3. *First Demurrer*

Defendants demurred to the complaint.[3] They argued "the Lease establishes that Prime Care had sole responsibility for

---

[2] Subsequent use of "defendants" refers to Nguyen Phat and Ho only.

[3] The only claim against Ho was the first cause of action for negligence. Defendants shared counsel and filed joint briefs, so unless otherwise indicated, we discuss defendants together.

4

determining whether the premises are suitable for the Agreed Use. Prime Care also represented that it was not relying on any purported representation by Nguyen Phat not set forth in the Lease," citing paragraph 22. Defendants asserted plaintiff could not prove negligence because defendant did not have a duty to determine whether the property was suitable for plaintiff's intended use. Defendants' argument as to Ho was twofold: (1) the complaint lacked any factual allegation that Ho had acted negligently, and (2) Ho could not be liable as Nguyen Phat's agent because there was no physical injury, citing *Michaelis v. Benavides* (1998) 61 Cal.App.4th 681, 686-87 (liability imposed upon agents for active participation in tortious acts of the principal restricted to cases involving physical injury, not pecuniary harm, to third persons).

For the fraud and negligent misrepresentation claims, defendants asserted there was no justifiable reliance because "Prime Care represented and warranted in the Lease that it made and was relying solely on its own investigation as to the suitability of the premises for the Agreed Use." (Defendants also asserted the fraud claim was not pleaded with specificity.) Defendants contended the rescission and restitution claims failed for the same reason— because plaintiff agreed it was responsible for investigating the suitability of the premises for marijuana distribution, plaintiff could not prove fraudulent conduct or mistake.

The trial court sustained the demurrer to the first cause of action for negligence against defendants without leave to amend, and sustained the demurrers to the four remaining causes of action against Nguyen Phat with leave. The court's order stated the lease "clearly shows that the defendants had no duty to determine suitability for the 'Agreed Use' " and "allocates the entire risk of a future contingency to Prime Care."

5

The court continued: "As to the negligence causes of action concerning Defendant Ho, there is no factual allegation that he did anything that would amount to tortious conduct. Moreover, Ho, as a corporate officer cannot incur liability where the injury is economic, as opposed to personal or property damage." The court concluded that the complaint failed "to properly allege the fraud claims with the specificity required by law."

Lastly, the court held that the fourth and fifth causes of action for rescission failed in light of the lease's language placing the onus on plaintiff to assess whether it was entitled to use the property for cannabis distribution.

## 4. *First Amended Complaint*

Plaintiff filed a first amended complaint, amending only its causes of action for negligence (as to which leave had not been granted), fraud and negligent misrepresentation. Plaintiff did not amend either of the two causes of action for rescission, but simply repeated its original allegations in its amended complaint.

Even though it had been denied leave to amend the negligence claim, plaintiff's amended complaint included its original claim for negligence with allegations that read in part: "defendants so negligently listed, advertised, leased, brokered, advised, researched . . . investigated, represented and/or carried out their duties and activities with respect to the said property and lease as to cause and permit the plaintiff to enter into Exhibit '1,' which plaintiff would not have done if plaintiff had been aware that the property was not suitable for the intended cannabis business of the plaintiff." Plaintiff asserted that rent under the lease was higher than it would have been for non-cannabis uses. In the second cause of action for fraud, plaintiff 's allegations now included that "The defendants misrepresented and concealed from the plaintiff and the plaintiff's

6

broker that the property was not suitable for cannabis operations due to its proximity to the residential areas. Defendant Phat Real Estate Investment, LLC, by and through its manager Sam Ho, represented to plaintiff Prime Care Inc., by and through Phat's broker . . . in or about February 2019 when negotiations started that the building to be leased was in the proper location and zoning for cannabis use. Indeed, Phat and Sam Ho advised plaintiff's broker through Phat's broker that the lease rent would be greater for cannabis use than non-cannabis use. The same representation as to the proper location and zoning was repeated to [plaintiff's representative] at the Automobile Club of Southern California location in Anaheim, California while going through the signing process on or about March 1, 2019. Phat and Sam Ho also represented to the City of Montebello that Sam Ho had read the City of Montebello Municipal Code and Zoning Code provisions regarding commercial cannabis business at the real property in question and that they consented to plaintiff proceeding with the proposed commercial cannabis business at the location. . . . Further, on or about February 6, 2019 the defendants furnished to the plaintiff by email a zoning map, . . . on which it was indicated in handwriting and emphasized that the properly was located a 1,000 feet [sic] from a residential area which was a sufficient distance to permit the cannabis operations. A minimum of 600 feet from the residential area was needed for cannabis operations and the actual distance was less than 600 feet."[4]

---

[4] The amended complaint alleged that defendants had emailed a zoning map to plaintiff with the notation that the premises were 1,000 feet from a residential area. At the hearing on the demurrer, plaintiff's counsel agreed that neither Nguyen Phat nor Ho provided the map to plaintiff.

7

In the third cause of action for negligent misrepresentation, plaintiff re-alleged previous paragraphs and asserted that "Defendants made the misrepresentations and concealed the unsuitability of the leased premises for cannabis negligently and without any reasonable basis for doing so."

## 5. Second Demurrer

Nguyen Phat demurred to the second and third causes of action for fraud and negligent misrepresentation (the other causes of action were not amended).[5] Nguyen Phat argued that both causes of action fail because plaintiff cannot demonstrate justifiable reliance on any alleged statements regarding the appropriateness of the building for cannabis distribution because plaintiff agreed in writing that defendants had no duty to determine the suitability for the agreed use and that it was plaintiff who was to assess the suitability of the location.

The trial court sustained the demurrers without leave to amend. The court again found that the lease precluded plaintiff from showing the justifiable reliance necessary for fraud or negligent misrepresentation. The court explained that plaintiff's "added allegations regarding oral statements or annotated zoning map do not have any effect, as the language of the Lease Agreement specifically

---

[5] Ho did not demurrer to the first amended complaint, apparently because the single cause of action against him was fully disposed of by the ruling on his demurrer to the initial complaint. Although the trial court could have struck the amended first cause of action as a sham pleading, it did not. (*Ricard v. Grobstein, Goldman, Stevenson, Siegel, LeVine & Mangel* (1992) 6 Cal.App.4th 157, 162.) The trial court did not further address the cause of action against Ho, and, as to Ho, plaintiff appeals only the sustaining of the demurrer to the original complaint.

8

precludes any prior or contemporaneous agreement or understanding other than the Lease itself to be effective." The court stated "the consent form signed by Phat only contains a representation regarding Phat's acknowledgement and consent to Plaintiff's cannabis business on the premises but not regarding its compliance with the City of Montebello's zoning provisions."

The trial court observed that it had granted plaintiff leave to amend its fourth and fifth rescission causes of action, but plaintiff did not amend. The court sustained the demurrer without leave to amend as to the second through fifth causes of action.

On January 3, 2020, the trial court entered judgment of dismissal in favor of Nguyen Phat and Ho. Plaintiff appealed.

### *DISCUSSION*

Plaintiff argues that the court erred in sustaining demurrers to the first three causes of action, and in refusing leave to amend the first and fourth causes of action. It does not appeal the court's ruling sustaining the demurrer to the fifth cause of action. "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 (internal citations omitted).)

9

### 1. *Plaintiff Failed to Allege Duty in the First Cause of Action for Negligence*

The trial court sustained the demurrer to the first cause of action for negligence in the original complaint without leave to amend. Nevertheless, plaintiff repeated its negligence claim in its first amended complaint. Plaintiff argues on appeal only that the court erred in sustaining the demurrer to the first cause of action in the original complaint.[6]

"An essential element of an action for negligence is the existence of a duty of care to the plaintiff. [Citation.] The existence and scope of a defendant's duty is an issue of law to be decided by the court." (*Eriksson v. Nunnink* (2011) 191 Cal.App.4th 826, 838.) Here, the trial court found that plaintiff failed to allege duty because the attached lease "clearly show[ed] that defendants had no duty to determine the suitability for the 'agreed use.'"

On appeal, plaintiff does not squarely take on this argument. It does not suggest, for example, an alternative interpretation of the lease. Instead, plaintiff takes a different tack – asserting that, despite the lease language, defendants owed a "general" duty of care. Plaintiff argues defendants breached this duty in their listing, advertising, leasing, and representations about the property that caused plaintiff to enter into the lease, which plaintiff would not have done if it had been aware that the property was unsuitable for its intended cannabis business. Plaintiff cites cases that hold a duty of care may be pleaded "generally." (See *Wiley v. Cole* (1921) 52 Cal.App. 617, 618 ("negligence may be charged in general terms").)

---

[6] Because plaintiff frames his argument in terms of the original complaint we address it in that manner. We have observed that in the amended complaint, plaintiff merely repeated the critical allegations from his original complaint.

10

That a duty of care can be pleaded generally is not really the point.  Plaintiff's argument assumes a duty exists even in contravention of the allocation of duty in the written agreement between the parties.  This is not a pleading issue, but one of substantive law, for which plaintiff cites no legal authority.  (See Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2021) ¶ 9:21 ["appellate court can treat as waived or meritless any issue that, although raised in the briefs, is not supported by pertinent or cognizable legal argument or proper citation of authority"].)  Plaintiff must allege a duty that exists within the framework of its pleaded facts.  (*Jones v. Daly* (1981) 122 Cal.App.3d 500, 508.)  The only duty actually alleged is that contained in the parties' agreement attached to the complaint.   The agreement states plainly that defendants had no such duty.

Lease paragraph 2.3 states in bold that "Lessee is responsible for determining whether or not the Applicable Requirements, and especially the zoning are appropriate for Lessee's intended use . . . ."  As we have recounted in our "Facts And Procedural Background" section, in paragraph 2.4, plaintiff similarly warranted that it investigated to the extent it deemed necessary whether the premises were suitable for its intended use and assumed all responsibility for such an investigation.  In paragraph 22, plaintiff represented and warranted that "it has made, and is relying solely upon, its own investigation . . . as to the use" of the premises.  In an addendum to the lease, plaintiff agreed to "satisfy itself of all permits and licenses needed with the City of Montebello and State of California in order to operate their business at the subject property."  Lastly, the lease stated that it contained "all agreements between the parties . . .  and no other prior or contemporaneous agreement or understanding shall be effective."

11

In sum, the lease agreement provided that it was plaintiff that had expressly covenanted it was not relying on defendants to ascertain the suitability of the property. Instead, the duty was firmly placed on plaintiff to assess whether it could operate the cannabis distribution business at the location.

Plaintiff argues that the lease provisions which we have quoted and paraphrased, constitute unenforceable "exculpatory" language that purports to insulate defendants from their own negligence. Plaintiff cites *Viotti v. Giomi* (1964) 230 Cal.App.2d 730, 739 (*Viotti*), which states that "[a]n agreement insulating one from liability for his own negligence must specifically so provide and is strictly construed against the party asserting the exemption, especially where he is the author of the agreement." In *Viotti*, the Court of Appeal found that a title company could not avoid liability for an erroneous title report simply because the top of the report stated: "Preliminary report only. No liability hereunder." (*Ibid.*)

*Viotti* is inapt. The lease provisions here do not exempt defendants from liability. On the contrary, the lease expressly provides that plaintiff has the contractual obligation to investigate whether the premises are appropriate for its business and to obtain government approval for its cannabis operation. The lease does not exempt defendants from anything; it establishes that plaintiff had no duty to ensure that the property was suitable for plaintiff's business.

Plaintiff also relies on Civil Code section 1668 (section 1668) for the proposition that defendants cannot contract away their liability.[7] Section 1668 likewise is unhelpful. "[T]he statute

---

[7] Section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of

12

prohibits contractual releases of future liability for ordinary negligence when 'the "public interest" is involved or . . . a statute expressly forbids it.' " (*Frittelli, Inc. v. 350 North Canon Drive, LP* (2011) 202 Cal.App.4th 35, 43.)  Plaintiff makes no cogent argument that the commercial lease transaction is either in the "public interest" or that "a statute expressly forbids" placing the obligation on plaintiff rather than defendants.  Nor does the lease purport to excuse defendants from future liability.  The claimed wrongs all occurred, if at all, before the lease was executed.

2.      ***Plaintiff Failed to Allege Reasonable Reliance as to Fraud and Negligent Misrepresentation (Second and Third Causes of Action)***

Among the elements necessary to establish fraud and negligent misrepresentation is the plaintiff's reasonable reliance on defendant's false statement.  (*Apollo Capital Fund LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226, 243–244.)  We concur with the trial court that plaintiff did not allege the element of reasonable reliance to support the fraud and negligent misrepresentation claims.  As we have explained, plaintiff agreed in the lease that it would not rely on any representations by Nguyen Phat regarding the zoning and that plaintiff was responsible for obtaining permits from the city to run its business at the property.  On appeal, plaintiff does not even address reliance, focusing instead on plaintiff's purported misrepresentations.  Plaintiff's failure to assert an argument directed to the basis of trial court's ruling forfeits the point on appeal.  (*Kinsella v. Kinsella* (2020) 45 Cal.App.5th 442, 464 ["Where an appellant fails to present

---

another, or violation of law, whether willful or negligent, are against the policy of the law."

13

argument or legal authority, he or she forfeits appellate consideration of the issue."].)

3.      ***Plaintiff Does Not Appeal the Court's Ruling Sustaining the Demurrers to the Fourth and Fifth Causes of Action for Rescission***

Plaintiff does not argue the trial court erred in sustaining demurrers to the fourth and fifth causes of action for recission. We therefore presume these rulings correct. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.)

4.      ***Plaintiff Failed to Show that Amendments Would Cure the Defective Pleadings***

Plaintiff argues that the court erred in denying leave to amend causes of action one through four. Plaintiff provides no explanation as to how it would amend its allegations to sufficiently allege each element of each cause of action. "Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.). "The plaintiff has the burden of proving that an amendment would cure the defect." (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320.) Plaintiff has not carried its burden. Accordingly, the trial court did not abuse its discretion in sustaining the demurrers without leave to amend.

## *DISPOSITION*

The judgment is affirmed.  Defendants and respondents Nguyen Phat Real Estate Investment, LLC and Sam Ho shall recover their costs on appeal.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


KIM, J.